**Mary Jane HALEY, Appellant,**

v.

**Richard K. HALEY, Appellee.**

**No. 01–86–0005–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 31, 1986.

W. Stephen Rodgers, Caperton, Rodgers & Miller, Bryan, for appellant.

John E. Hawtrey, Bryan, for appellee.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a divorce decree. We reverse in part and affirm in part.

The appellee, Richard K. Haley, sued the appellant, Mary Jane Haley, for divorce and for custody of their three minor children. The appellant answered and filed a cross-action, but she did not appear at trial. The trial court granted the divorce, appointed the appellee as managing conservator of the children, and divided the parties' property.

The court later withdrew its order appointing the appellee as managing conservator and abstained from exercising jurisdiction over the children of the marriage.

On this appeal, the appellant contends there was no evidence or insufficient evidence for the trial court to make a proper division of the property, and that the court's division of the property constitutes an abuse of discretion. By cross-point, the appellee contends that the trial court erred in refusing to exercise jurisdiction with respect to the conservatorship of the children.

The appellee, a doctor of osteopathy in Bryan, has been in active practice for 25 years. He testified that his wife left him on July 4, 1984, taking the children with her. At the time of trial, his wife and children were living with his wife's parents in Alaska. He testified that he wanted to help his children in case he should die, and so he conveyed his property to Billy Graham Evangelical Association in trust for the benefit of himself, his wife and his family.

The trial court's order dividing the property, in essence, awarded various categories of property to the respective parties, according to whether such properties were in the possession of, or registered in the name of the particular party to whom they were awarded. For example, the court awarded to the appellant all household furnishings, fixtures, goods, appliances and equipment in her possession, and then made a similar award to appellee of those same classes of personalty in his possession. The court used this same method of apportionment in its award of: (1) clothing, jewelry, and other personal effects; (2) monies; (3) profit sharing, retirement plans, pension plans, employee stock option plans, employee savings plans, accrued unpaid bonuses, and other such benefits; and (4) policies of life insurance, stocks, bonds, and securities, together with dividends, splits and other rights and privileges. The court

awarded the appellee a futures account, No. 049–218621, with E.G. Edwards & Son, which was registered in appellant's name, on the appellee's claim that he was entitled to the account because he "put the money up" prior to the marriage. The court also awarded appellee a business known as "Why Weight" including all furniture, fixtures, machinery equipment, inventory, cash, accounts, goods and supplies used in the operation of that business. On the appellee's testimony that he had negotiated with Billy Graham a trust arrangement for the benefit of himself, his wife, and his children, the court awarded to him "all property held in trust by the Billy Graham Evangelical Association."

Other than as stated, the appellee offered no evidence as to the nature of the properties awarded. In her motion for new trial, the appellant offered affidavits, which are uncontroverted, indicating the aggregate value of the properties to be in excess of $1 million.

■ In reviewing the trial court's disposition of property in its divorce decree, our role is limited to a determination of whether there was an abuse of discretion. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976). We must also presume that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20 (Tex. 1974). Here, because no findings of fact were made or requested, we must consider the evidence as a whole, drawing all reasonable inferences therefrom in the light most favorable to the judgment. *Clark v. Clark*, 362 S.W.2d 655 (Tex.Civ.App.— Houston [1st Dist.] 1962, no writ).

Applying these standards, we find that the evidence is factually insufficient to support the trial court's division and award of property. It was appellee's burden in the trial court to prove his entitlement to an award of the properties alleged in his petition for divorce by describing the properties and establishing their respective values. *Vickerstaff v. Vickerstaff,* 392 S.W.2d 559 (Tex.Civ.App.—El Paso 1965, no writ). He failed to meet this burden by factually sufficient evidence. A division of property based on values not within the evidence constitutes an abuse of discretion. *Mata v. Mata,* 710 S.W.2d 756, 760 (Tex. App.—Corpus Christi 1986, no writ). Hence, it is our duty to reverse the trial court's judgment and remand the property issue to the trial court for a new trial.

Because no appeal was taken from that part of the judgment decreeing a divorce, we will affirm that portion of the decree. *See Mata* at 760.

■ In view of further proceedings, we also consider the appellee's cross-point complaining that the trial court erred in refusing to grant judgment as to conservatorship.

The relevant statutes appear as part of the Uniform Child Custody Jurisdiction Act, Tex.Fam.Code Ann. secs. 11.51 et seq. The jurisdictional requisites under sec. 11.-53 of the Act provide:

(a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if:

(1) this state:

.    .    .    .    .

(B) had been the child's home state within six months before the date of commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

Tex.Fam.Code Ann. sec. 11.52(5) (Vernon Supp.1986) states:

"Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months....

The appellee testified that he and appellant and their children had been living in Brazos County for three years prior to the time appellant left with the children on July 4, 1984. This suit was filed on November 7, 1984.

The home state of the mother and the children was Texas at the time suit was filed. The trial court, therefore, had jurisdiction of the custody matter under sec. 11.53.

The appellant, however, urged the trial court to decline to exercise jurisdiction over the child custody action on the grounds of inconvenient forum under Tex.Fam.Code Ann. sec. 11.57(a). That statute provides:

A court that has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

Sec. 11.57(c) also provides that:

In determining if it is an inconvenient forum, the court shall consider if it is in the best interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) if the parties have agreed on another forum that is no less appropriate; and

(5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 11.51 of this code.

The trial court's determination of what is best for the children in a custody matter will not be disturbed on appeal unless there is a clear abuse of discretion. *Dunker v. Dunker* 659 S.W.2d 106 (Tex.App.—Houston [14th Dist.] 1983, no writ). Here, the trial court was required to decide whether it was in the best interest of the children to have the State of Alaska assume jurisdic-tion of the conservatorship issue. The trial court chose not to exercise its jurisdiction, finding that under the circumstances of the case, it was not a convenient forum and that a court in Alaska was the more appropriate forum.

At the time of the court's ruling, January 9, 1986, the three minor children involved in this dispute were eight, six and five years old. The record reflects that they had been living with their mother and maternal grandparents in Ketchikan, Alaska since July of 1984. The appellee asserted that the mother and children lived in Texas for three years prior to their departure in July of 1984. The record reflects that all three children were born in Ketchikan, Alaska.

The trial court could properly have determined from these facts that 1) Alaska had a closer connection with the children and the mother, 2) substantial evidence concerning the children's care, and training was more readily available in Alaska and 3) the exercise of its jurisdiction would contravene the purposes of the Act as stated in sec. 11.51.

Although the mother removed the children from the state less than six months before the suit was filed, and *one* purpose under sec. 11.51 is to deter "unilateral removals" of children to obtain custody, the *first* purpose of the Uniform Child Custody Jurisdiction Act is to: "avoid jurisdictional competition and conflicts ... that have resulted in the shifting of children from state to state with harmful effects on their well-being."

The trial court could reasonably have decided that to entertain jurisdiction of the custody matter with the Texas court would contravene that purpose.

The trial court's action is consistent with the general rule that in custody litigation the interests of the children are paramount, rather than those of the contestants. *See Perry v. Ponder,* 604 S.W.2d 306, 315 (Tex. Civ.App.—Dallas 1980, no writ).

We hold that the trial court in the instant case did not abuse its discretion by declining to exercise its jurisdiction of the

custody matter. Appellee's second cross-point is, accordingly, overruled.

Because of our disposition of the foregoing points of error, we need not consider the other contentions asserted by the appellant.

We affirm that portion of the trial court's judgment decreeing a divorce between the parties. The trial court's order dated January 9, 1986, pertaining to conservatorship and support is also affirmed. The trial court's judgment is reversed and the cause is remanded to the court for a new trial only with respect to the division and award of property. All costs are assessed against the appellee.