William Keith CAPELLEN, Appellant,

v.

Sandra CAPELLEN, Appellee.

No. 08–93–00402–CV.

Court of Appeals of Texas,
El Paso.

Nov. 10, 1994.

Rehearing Overruled Dec. 14, 1994.

540

Robert G. Miller, Miller & Botts, Houston, for appellant.

Bill De La Garza, De La Garza & Associates, Finis Royal, Bill De La Garza & Associates, P.C., Houston, for appellee.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

*OPINION*

KOEHLER, Justice.

In this appeal from a final divorce decree, husband asserts that there was insufficient evidence to support the court's division of the marital estate, that the court abused its discretion in making that division, that his constitutional right of equal access to the courts was abridged by the order of the court requiring him to pay the fees of his wife's attorney as well as his own, and that the trial court erroneously refused to grant him a mistrial because of prejudicial sidebar remarks made by opposing counsel and comments on the weight of the evidence made by the judge. We affirm.

Keith Capellen (husband), Appellant, and Sandra Capellen (wife), Appellee, were married in January 1986 in Harris County, Texas. The parties are the parents of two minor children: Garrett Capellen, born May 10, 1988 and Chase Capellen, born November 6, 1989. In March 1989, wife at the request of husband, quit her employment at K.C. Building Company, a business wholly owned by husband at the time, to stay at home with the children. From this time until after the parties separated, husband was the family's sole financial support. From January 1989 to October 1991 husband lived away from home while he was working on construction sites in Dallas and Austin.

The parties separated on November 19, 1991. Two days later, wife filed for divorce on the grounds of insupportability. In the final decree, she was named as sole managing conservator of the couple's minor children in accordance with a jury recommendation to that effect. Following a trial to the court on the remainder of the issues, wife was awarded the marital residence and was ordered to assume and pay the balance owed on the note against the residence. Each party was awarded all personal property in her or his possession or subject to her or his control and each party was ordered to pay the debts each had incurred from the time of separation. Husband was ordered to pay

wife's attorney's fees in the amount of $49,-286.50 and contingently ordered to pay her attorney's fees on appeal, the court finding that such fees were essential to the interests of the children and to be considered as furnishing support and necessaries to them. Findings of fact and conclusions of law were neither requested nor filed.

## DIVISION OF COMMUNITY ESTATE

In his first four points, husband asserts that: (1) there was no evidence to support the trial court's division of the community estate; (2) the evidence was insufficient to support the trial court's division of such property; (3) the trial court's division of such property represented an abuse of discretion; and (4) the division of such property was not just and right and should therefore be remanded.

## EVIDENCE INSUFFICIENCY

█ When analyzing a "no evidence" or legal sufficiency challenge, we consider only the evidence which tends to support the fact finder's findings and disregard all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 83 (Tex.App.—El Paso 1992, no writ); *Fuentes v. McFadden*, 825 S.W.2d 772 (Tex.App.—El Paso 1992, no writ). When findings of fact and conclusions of law are not requested or filed, we presume that the trial court made all necessary findings to support the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). The judgment of the trial court must be affirmed if it can be upheld on any legal theory. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex.1987); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

█ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex.App.—El Paso 1992, writ denied); *Chandler v. Chandler*, 842 S.W.2d 829, 832–33 (Tex.App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833. It is not within the province of the court to interfere with the fact finder's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the fact finder's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 833.

Husband contends that there was no evidence before the trial court to support the division of property and alternatively that the evidence before the trial court was factually insufficient to support a just and right division, as required by TEX.FAM.CODE ANN. § 3.63 (Vernon 1993). He claims that it was wife's burden to prove her entitlement to an award of property through sufficient description and valuation and that since certain items in her proposed property division were listed as having unknown values, she failed to sustain her burden. In support of this contention, husband relies on *Haley v. Haley*, 713 S.W.2d 801, 803 (Tex.App.—Houston [1st Dist.] 1986, no writ).

In *Haley*, the trial court's property division was reversed on appeal due to the fact that the appellee there had failed to provide values for any of the properties awarded to him. Here on the other hand, the majority of the properties are valued. Wife presented the trial court with a sworn inventory and appraisement of the community estate and also with a proposed division of such property.

Tax returns filed by the couple showed that husband had wages of $44,096 in 1990

and \$49,569 in 1991. Appellee did not work in these years and her income for 1992 was less than \$23,000. The marital residence constituted the bulk of the community estate's assets. Equity in the marital residence was \$22,000. The total value of the community estate was agreed to be \$33,000. Total debts of the community estate were fixed at \$49,735.41.

■ In wife's proposed division, the only items whose values were listed as unknown were items which were within the control of husband and these were all awarded to him. Wife provided the trial court with sufficient description and valuation of all items of property which she requested and which she was awarded under the trial court's property division. Furthermore, wife provided the trial court with a total valuation of the community estate and valuation of the marital residence both of which were expressly agreed to by husband. *Haley* is therefore not instructive in this instance.

Furthermore, husband was present at the property division proceeding and testified. However, the record does not reflect that he presented evidence to contradict the values offered by wife or to provide the court with correct values on those items whose values were listed as unknown. Therefore, husband cannot now complain on appeal that the values found by the trial court were not supported by sufficient evidence. *Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex.1978); *Mata v. Mata*, 710 S.W.2d 756, 758 (Tex.App.—Corpus Christi 1986, no writ). Husband's no evidence and insufficient evidence points of error (points one and two) are overruled.

### ABUSE OF DISCRETION

■ Under his third point, husband asserts the trial court abused her discretion by awarding wife nearly all of the assets and requiring him to assume most of the debts

and liabilities. The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), citing *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted). An appellate court will not disturb a trial court's property division unless the trial court clearly abused its discretion. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex. 1974).

■ The trial court has wide discretion in dividing the marital estate of the parties. TEX.FAM.CODE ANN. § 3.63 (Vernon 1993); *Jacobs v. Jacobs,* 687 S.W.2d 731 (Tex.1985). Disparity in income is one of the many factors which should be considered when dividing the marital estate. *Stafford,* 726 S.W.2d at 16, citing *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981). In a divorce case, the trial court may consider disparity of income or of earning capacity, size of separate estate and other relevant factors and may make unequal division without abusing its discretion. *Madrid v. Madrid,* 643 S.W.2d 186, 187 (Tex. App.—El Paso 1982, no writ).[1] The rights of the children are paramount to the rights of the parents in any division of the community estate. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97, 99 (1921).

The property division ordered by the trial court awarded wife the following:

(1) The marital home upon condition that she assume full responsibility for mortgage;

(2) All household effects and personal effects in her possession or control;

(3) All bank accounts in her name;

---

1. Among the many factors that may be considered by a trial court in making an unequal division of the community estate are the following: Disparity in incomes or of earning capacities; fault in the breakup of the marriage; the spouses' capacities and abilities; benefits which the party not at fault would have derived from a continuation of the marriage; business and employment opportunities; education; relative physical conditions; relative financial condition and obligations; disparity of ages; size of separate estates; custody of dependent children; and length of the marriage. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987); *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981); *Smith v. Smith,* 836 S.W.2d 688, 692–93 (Tex.App.—Houston [1st Dist.] 1992, no writ).

(4) All rights in her own pension/retirement plan;

(5) Couple's 1991 Income Tax Refund;

(6) President's Health Club Membership.

Husband was awarded:

(1) All household effects and personal effects in his possession and control;

(2) All bank accounts in his name or his and her names jointly;

(3) Ford Wagon;

(4) 1965 Jon Boat [sic];

(5) 1970 Falcon Boat.

Both parties were ordered to pay the debts they had individually incurred since the date of separation. It was further ordered that husband pay wife's attorney's fees in the sum of $49,286.50. Such fees were found to be essential to the interests of the children and incurred in the nature of support and necessaries for the children.

▆▆▆▆ It is true, as husband argues, that the award of attorney's fees is another factor to be considered by the court in making an equitable division of the community estate, considering the needs of the parties and all of the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950); *Simpson v. Simpson*, 727 S.W.2d 662, 664 (Tex.App.—Dallas 1987, no writ). The trial court's property division order, contrary to husband's assertions, does not award to either party any interest in his previously sold business. In fact, the record reflects that the business was not even considered in the property division. Although husband in his brief has somewhat misstated the allocation of community assets and liabilities between him and wife,[2] it is clear that the division of property is unequal. However, aside from the "equity" value of the marital home ($22,000), husband received approximately $4,000 more in assets than wife, and that does not include the unknown values of at least two bank accounts awarded to husband.[3]

Husband argues first that none of the factors which might justify an unequal division of the community estate were shown by the evidence introduced before the trial court, and second, that no court has ever approved of an unequal division where one spouse receives a positive net value of the assets while the other spouse receives the debt resulting in a negative net value. In response to the first part of his argument, we merely note that there was evidence presented during the jury trial on conservatorship, both direct and inferentially, from which the court could find the existence of several of the factors justifying an unequal division of the community property. Moreover, our reading of the "cold record" would support a finding by the trial court that husband in his testimony was evasive, uncooperative, less than candid, and had convenient memory lapses.

In support of his argument that there are no cases which allow such an unequal division of the community property to stand as, he asserts, occurred in this case, he cites such cases as *Belz v. Belz*, 667 S.W.2d 240 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) and *Hooper v. Hooper*, 403 S.W.2d 215 (Tex.Civ. App.—Amarillo 1966, writ dism'd). The fact situations in those cases are quite different from this case. Here, the "inequality" in the division of the community estate exists primarily not because of a large number of valuable assets all being awarded to wife, but

---

**2.** As examples of the misstatement of the allocation of assets, husband in his supplemental brief indicates that the amount of $520 shown in husband's brief as a "tax return" asset awarded to wife in the decree, was actually $763, as shown by the 1991 U.S. Income Tax Return, and although awarded to wife, the decree specified that this refund was to "be used as a credit against the attorney's fees awarded to [wife to be paid by husband]." There was a question as to which, if either, of the two parties had received this refund.

With respect to the allocation of liabilities, husband indicates that he is required by the decree to pay $10,493.46 on one of two Chase Mastercards. We find nothing in the decree to support this assertion and in fact the record shows that the sum of $49,286.50 awarded to wife for Bill De La Garza's attorney's fees includes reimbursement to her for the amounts which she had borrowed on the two credit cards to pay on her account with De La Garza's firm.

**3.** Although there is an indication in the record that husband filed an inventory and appraisement, this document was not included in the record on appeal.

rather because the assets are minimal (consisting primarily of the equity in the house) and the indebtedness is large. Most of the indebtedness consists of attorney's fees and most of these fees were incurred in connection with the custody dispute and jury trial.

Considering the foregoing and such other factors, supported directly and inferentially by the evidence, as disparity of incomes and earning capacities and fault in the breakup of the marriage, and in view of the facts that wife was named managing conservator of the two young children and was required to assume the outstanding mortgage on the residence awarded to her, we conclude that the trial court's division of the community estate did not constitute an abuse of discretion. Point of Error No. Three is therefore overruled. As a result of this disposition, we cannot say that the division of such property was not just and right, and we therefore overrule husband's fourth point as well.

## CONSTITUTIONALITY OF ATTORNEY'S FEES

Husband next asserts that the final decree requires him to pay not only wife's incurred attorney's fees but also the balance of $10,493 owed on one of her MasterCards, against which she borrowed for payment on her attorney's fee account. However, he neither cites to, nor do we find, anything in the record or final decree requiring him to pay the Mastercard balance in addition to the amounts he is ordered to pay to wife for her attorney's fees. The decree in fact requires each party to pay all of his or her own debts and liabilities incurred by the respective party after November 19, 1991, the date they ceased living together as man and wife. His claim that she has been awarded a double recovery is therefore without merit.

Husband further complains that assessing all of wife's attorney's fees against him denies him equal access to the courts contrary to both the Texas and United States Constitutions. He contends that this award of attorney's fees creates a "chilling effect" for others in his situation by discouraging them from seeking custody of their children. Husband further contends that since there was no evidence that his attempts to obtain custody of the children were frivolous or brought in bad faith, each party should be required to pay his or her own attorney's fees.

A suit for divorce in which the parties are parents of minor children necessarily includes a suit affecting the parent-child relationship (SAPCR). TEX.FAM.CODE ANN. § 3.55(b) (Vernon 1993). In any SAPCR proceeding, the court may award costs, which includes reasonable attorney's fees. TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986). In cases involving both the division of community property and the parent-child relationship, the court may, within its discretionary powers, award reasonable attorney's fees either as a part of a just and fair division of such property or as costs in the SAPCR proceeding, or may allocate the attorney's fees award between the two categories as the facts may warrant. *Abrams v. Abrams,* 713 S.W.2d 195, 197–98 (Tex.App.—Corpus Christi 1986, no writ). In our case, the court specifically found that the attorney's fees incurred by wife "were essential to the interest of the minor children" in connection with the parent-child relationship. *Marichal v. Marichal,* 832 S.W.2d 797, 798 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Tropoli v. Markantonis,* 740 S.W.2d 563, 564 (Tex. App.—Houston [1st Dist.] 1987, no writ). Under these circumstances, we find no abuse of discretion.

With reference to the constitutionality challenge, husband cites us to no case which supports his contention that the court's action in assessing all of wife's attorney's fees against him are in effect violative of the "open courts" provision of Article 1, Section 13 of the Texas Constitution, nor do we find any. The "open courts" provision is directed at prohibiting the legislature from abrogating or unreasonably restricting a litigant's right to seek redress by way of a well-established common law cause of action. *Rose v. Doctors Hospital,* 801 S.W.2d 841, 843 (Tex.1990); *Criswell v. Ginsberg & Foreman,* 843 S.W.2d 304, 306 (Tex.App.—Dallas 1992, no writ); *Fuller v. Maxus Energy Corp.,* 841 S.W.2d 881, 885 (Tex.App.—Waco 1992, no writ). Because suits for divorce and suits affecting the parent-child relationship are not common law causes of action, but are

statutorily created and regulated proceedings designed to meet the changing desires and needs of the people in a dynamic society, the "open courts" provision has no application. Moreover, the award of reasonable attorney's fees is no more a limitation on a party's right to seek redress (custody in this case) than is the high cost of litigation and the danger of being assessed costs, attorney's fees and damages, including punitive damages, an unconstitutional limitation on a party's right to seek relief or to defend in a suit involving a common law cause of action. Husband's fifth point is overruled.

## COMMENTS BY OPPOSING COUNSEL

■■■ Husband contends in the sixth point of error that the trial court committed reversible error when it refused to grant a mistrial based on "sidebar" comments [4] made by wife's attorney in the presence of the jury. Our first problem is that although husband is apparently complaining about seven different instances at trial when wife's attorney used words in connection with his objections (all of which were addressed to the court), husband does not point out specifically what words he found to be "vial and slanderous" or otherwise disparaging, but instead cites us to pages in the statement of facts only, leaving it for us to guess at his specific complaints. In our examination of the cited pages, we find only that wife's counsel in making proper evidentiary objections used certain words and phrases, such as "he [husband's counsel] is misleading this jury again," the question being asked is "repetitive," "hearsay response," "his misstating the law," and so on. Although argumentative in nature, we find none of these words or comments particularly prejudicial or damaging. Moreover, to none of these words or comments did husband make any objection or obtain any ruling. Only once did husband move for a mistrial, apparently with reference to opposing counsel's "misleading this jury again"

argument. After denying that motion, the trial court on her own gave a curative instruction of sorts.

■■■ If an alleged improper comment is curable, both an objection and a request for an instruction to disregard are necessary to preserve the point for appellate review. *Wade v. Texas Employers' Ins. Ass'n*, 150 Tex. 557, 244 S.W.2d 197, 199 (1951) (the rule requiring timely objection to improper argument in order to preserve error, has been applied even to improper argument making strong appeals to prejudice, which the courts have held become harmless when a jury is instructed to disregard); *Johnston Testers v. Rangel*, 435 S.W.2d 927, 932 (Tex.Civ.App.— San Antonio 1968, writ ref'd n.r.e.); Tex. R.App.P. 52(a). Where the complaint is that argument or comment by opposing counsel was improper but the complaining party did not object, the burden on appeal is on the complaining party to show that the improper argument could not have been cured. *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 288 (Tex.App.—San Antonio 1992, writ denied). We conclude that all of the complained of words and comments, if improper and therefore erroneous, were subject to being cured by instruction. By his failure to object, obtain a ruling and request a curative instruction, husband waived the errors, if any, relating to the claimed improper comments of opposing counsel. *Macedonia Baptist Church v. Gibson*, 833 S.W.2d 557, 561 (Tex.App.—Texarkana 1992, writ denied); Tex.R.App.P. 52(a). Point of Error No. Six is overruled.

## COMMENTS ON THE WEIGHT OF THE EVIDENCE

■■■ Husband alleges that the trial court, in three separate instances, commented on the weight of the evidence in the presence of the jury and that in all three instances the

---

4. From what we are able to discern from the record, all of the matters about which husband complains under this point of error were made in connection with objections made by wife's counsel to the court, either to questions asked by husband's counsel or to answers given and therefore are not, as characterized by husband, "sidebar" remarks or comments. "Sidebar" remarks

are comments of counsel that are neither questions addressed to a witness nor comments or objections addressed to the court. *In re W.G.W.*, 812 S.W.2d 409, 416 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Middleton v. Palmer*, 601 S.W.2d 759, 763 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

comments were of such magnitude as to be incurable so as to not require objection at trial for preservation of error on appeal. The same rule applies here as in the case of improper comments by opposing counsel. Tex.R.App.P. 52(a) requires that to preserve complaint for appeal, Appellant must have made a timely objection to the trial court. *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988); *Allright, Inc. v. Pearson,* 735 S.W.2d 240 (Tex.1987); *LaCoure v. LaCoure,* 820 S.W.2d 228, 237 (Tex.App.—El Paso 1991, writ denied). Absent an objection, ruling, and request for an appropriate instruction, only a comment which is of such a prejudicial and harmful character as to be deemed incurable will be preserved. *Brazos River Authority v. Berry,* 457 S.W.2d 79, 80 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.); *State v. Wilemon,* 393 S.W.2d 816 (Tex.1965).

Husband first objects to a "comment" by the court in overruling an objection by husband's counsel to an answer he got from wife on cross-examination which he asserted was "nonresponsive." Following her ruling, the court stated, "I think she gave her best answer in terms of—I'm going to allow it anyway."

The second comment of which he complains occurred during the attempted impeachment of husband by wife's attorney. After laying a proper predicate, wife's attorney requested that husband read his answer from a specific page and line of his deposition. Before complying, husband inquired of the court, "Your Honor, I'm trying to get a reference to what I'm reading." The court responded, "Sir, you're not required to get a reference. You're required to read the answer. Your attorney has a job to do, and he will take care of those problems? [sic]"

Finally, husband complains that the trial judge made a comment on the weight of the evidence when in response to his objection to a question asked by opposing counsel as being repetitive, she responded, "I don't think you're right. Sustained."

 Husband made no objection and requested no appropriate instruction to the jury as to any of the three "comments." We find only the first and third of these complaints to be even mildly prejudicial as comments on the weight of the evidence or as demeaning to husband or his counsel. A judge is required to conduct a trial in a fair and impartial manner and to refrain from making unnecessary remarks or comments in ruling on objections or otherwise during the course of a trial which may tend to result in prejudice to a party, or is calculated to influence the jury. *Marriage of D____M____B and R____L____B,* 798 S.W.2d 399, 401 (Tex. App.—Amarillo 1990, no writ). However, a judge is allowed some discretion in expressing herself while controlling the course of a case on trial, and absent a showing of impropriety, together with probable prejudice and the rendition of an improper (not just an adverse) verdict, we should not reverse a judgment. *Marriage of D____M____B,* 798 S.W.2d at 401. Unless the comment by the judge is so blatantly and obviously prejudicial that it cannot be cured, an objection and request for instruction must be made in order to preserve error. *LaCoure,* 820 S.W.2d at 237. Husband's seventh point is overruled.

Judgment of the trial court is affirmed.