11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Mark Shackelford
            Appellant
Vs.            No. 11-03-00119-CV -- Appeal from Dallas County
Joli Marie Shackelford 
            Appellee
 
            This is a divorce action. Following a jury trial, the trial court entered a final decree of
divorce, dissolving the marriage of Mark Shackelford and Joli Shackelford; determining conser-vatorship and support issues relating to their two children, L. S. and J. E. S.; and dividing their
community estate. The trial court awarded attorney’s fees to appellee. In nine issues, appellant
complains that (1) after the jury trial, the trial court erred in conducting a hearing on the final issues
of the trial – the conservatorship issues and division of community property – because the notice of
the hearing was defective; (2) the trial court erred with respect to four evidentiary rulings during the
jury trial; (3) the trial court erred in conditioning appellant’s access to and visitation of his children
on his attendance at a specific battering intervention and prevention program in Dallas, Texas, when
appellant was living in Florida; (4) the trial court erred in requiring appellant’s access to his children
to be supervised by “Hannah’s House” in Dallas and limited to two hours a week, when other less
restrictive options were available; (5) the trial court abused its discretion in dividing the community
property of the parties; and (6) the trial court erred in awarding attorney’s fees to appellee because
the evidence was insufficient to support the amount of the award. We find that appellant did not
preserve error on the issues related to the trial court’s evidentiary rulings and that the trial court did
not err on the other issues raised by appellant. Therefore, we affirm the judgment of the trial court.
The Trial
            The jury trial lasted for three days. Appellant represented himself pro se; appellee was
represented by counsel. The jury made the following findings: (1) that appellant had a history or
pattern of committing family violence during the two years preceding May 30, 2001; (2) that credible
evidence had been presented of a history or pattern of past or present child neglect or physical or
sexual abuse by appellant against appellee or a child; (3) that appellee should be appointed sole
managing conservator of the children; and (4) that appellee would incur $35,000.00 in reasonable
and necessary attorney’s fees during the trial proceedings. Appellant does not challenge the
sufficiency of the evidence to support the jury’s findings set forth in (1), (2), or (3) above. Appellant
does challenge the sufficiency of the evidence to support the jury’s attorney’s fees finding.
Appellant’s Evidentiary Issues
            In his first, fifth, sixth, and seventh issues, appellant argues that the trial court erred in
making the following evidentiary rulings: (1) excluding appellant’s rebuttal witnesses; (2) allowing
an undesignated expert witness to testify; (3) allowing evidence that appellant had violated a pro-tective order and had been ordered by a court to wear an ankle monitor; and (4) excluding a
handwritten note by appellee that the “attorney told me to tell them I was assaulted” on the ground
that the note was protected by the attorney/client privilege.
Rebuttal Witnesses
            Appellant states in his brief that he wanted to call his mother and his father as rebuttal
witnesses. Appellant also wanted to testify as a rebuttal witness. He asserts that the rebuttal
testimony would have addressed issues related to the medical care of the children, the availability
of transportation to appellee, and his employment history.
            The trial court allocated three days for the trial. The trial court addressed the rebuttal witness
issue. The following discussion took place near the end of the second day of trial:
            APPELLANT: Your Honor, I would like to get your permission or your
assurance, you choose the word, that I will have time for rebuttal tomorrow?
 
            THE COURT: Well, if you use your time judiciously tomorrow morning, then
you will have some time for rebuttal, but you are not going to get a lot of time. I am
going to submit this to the jury tomorrow afternoon in time for them to have two
hours to determine before they go for the day. If they don’t make a decision, they
will come back on Monday.
 
            I told you I would give you three days. That’s what I am giving you.
The following discussion took place on the third day of trial:            THE COURT: At least five times I told you I was going to give this case to
the jury. So, sir, I am going to give you about 10 minutes to wrap [the cross-examination of appellee] up.
 
* * *
 
            APPELLANT: I have asked you repeatedly for about 10 minutes for a rebuttal
witness.
 
            THE COURT: You could have reserved more than 10 minutes. I have told
you over and over again what I was going to do. It’s in the record. You have used
your time. I told you to use it your own way and you have chosen to do that. 
 
            So, no, there will be no more rebuttal witnesses. The only thing to rebut is
testimony that has been presented to the Court. If you didn’t get it in in your case in
chief, it’s not coming in.
 
            Appellant did not make an offer of proof of the proposed rebuttal testimony in the trial court. 
To challenge exclusion of evidence by the trial court on appeal, the complaining party must have
presented the excluded evidence to the trial court by offer of proof. TEX.R.EVID. 103(a)(2); Fletcher
v. Minnesota Mining and Manufacturing Company, 57 S.W.3d 602, 606 (Tex.App. - Houston [1st
Dist] 2001, pet’n den’d). The failure to make an offer of proof of the excluded witness’s intended
testimony waives any complaint about the exclusion of evidence on appeal. Akin v. Santa Clara Land
Company, Ltd., 34 S.W.3d 334, 339 (Tex.App. - San Antonio 2000, pet’n den’d). Without an offer
of proof, an appellate court cannot determine whether the exclusion of the evidence was harmful. 
Perez v. Lopez, 74 S.W.3d 60, 66 (Tex.App. - El Paso 2002, no pet’n). Appellant waived the rebuttal
witness issue. Appellant’s first issue is overruled.
Undesignated Expert Witness
            Appellant complains that an expert witness who had not been designated in discovery
responses testified at trial. Appellant did not object to the testimony in the trial court. To preserve
error on an erroneous admission of evidence, a party must do the following: (1) present to the trial
court a timely request, objection, or motion; (2) state the specific grounds of the complaint, if the
specific ground was not apparent from the context; and (3) obtain a ruling before the testimony is
offered and received. TEX.R.EVID. 103(a)(1); GTE Mobilnet of South Texas Limited Partnership v.
Pascouet, 61 S.W.3d 599, 613 (Tex.App. - Houston [14th Dist.] 2001, pet’n den’d). Appellant did not
preserve error on the expert witness issue. His fifth issue is overruled.
Protective Order Violations/Ankle Monitor
            Appellant complains that the trial court erred in allowing evidence of protective order
violations and evidence that appellant was wearing a court-ordered ankle monitor as a result of alleged
protective order violations. Appellant did not object to this evidence in the trial court; therefore, he
did not preserve error on this issue. Rule 103(a)(1); GTE Mobilnet of South Texas Limited
Partnership v. Pascouet, supra at 613. Appellant’s sixth issue is overruled.
Appellee’s Handwritten Note
            At trial, appellant argued that appellee’s statement – that “attorney told me to tell them I was
assaulted” – was admissible under the crime/fraud exception to the attorney/client privilege. On
appeal, appellant argues that appellee waived the attorney/client privilege with respect to the note
because she disclosed to third parties that she had been assaulted. The issues presented to the appellate
court for review must coincide with the reasons presented to the trial court for admitting or excluding
evidence. Estate of Veale v. Teledyne Industries, Inc., 899 S.W.2d 239, 242-43 (Tex.App. - Houston
[14th Dist.] 1995, writ den’d). Appellant’s ground for admissibility of appellee’s statement at trial is
not the same as the reason urged in his appellate issue. Therefore, appellant presents nothing for
review on this issue. Borden, Inc. v. Guerra, 860 S.W.2d 515, 525 (Tex.App. - Corpus Christi 1993,
writ dism’d by agr.); City of Brady v. Bennie, 735 S.W.2d 275, 285 (Tex.App. - Eastland 1987, no
writ). Appellant’s seventh issue is overruled.
Appellant’s Motion for Continuance Based on Defective Notice of Hearing
            On July 2, 2002, at 1:30 p.m., the trial court held a hearing to consider a number of issues.
Earlier that day, appellant had filed a motion for continuance based on improper and insufficient notice
of the hearing. Appellant stated the following in his motion:
The notice of hearing which was delivered to Petitioner (copy attached) clearly states
that the hearing was set for July 2, 2001, at 1:30 am. This clearly constitutes im-proper and insufficient notice.
Petitioner therefore requests a continuance of this hearing, which according to the
notice, took place one year ago today at 1:30 am.
Petitioner will be unavailable until July 10, 2002, and therefore requests that the
hearing be reset after this date.
 
Appellant did not provide the following information in his motion: (1) the date that he received the
hearing notice; (2) the reason or reasons that he was unavailable until July 10, 2002; (3) whether or
not he had contacted the court to determine the actual hearing date and time; or (4) whether or not
he had actual notice of the actual hearing date and time. Appellee does not dispute that the notice
provided that the hearing was scheduled for July 2, 2001, at 1:30 a.m. The trial court denied
appellant’s motion for continuance because he failed to appear for the hearing on July 2, 2002.
            The granting or denying of a motion for continuance is within the sound discretion of the trial
court and will not be disturbed on appeal absent a clear abuse of discretion. State v. Wood Oil
Distributing, Inc., 751 S.W.2d 863, 865 (Tex.1988); Villegas v. Carter, 711 S.W.2d 624, 626
(Tex.1986). The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles or whether the act was arbitrary or unreasonable. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex.1990). A party appealing from the denial of a motion for continuance
must establish that he or she suffered harm from the trial court’s action. Beutel v. Dallas County
Flood Control District, No. 1, 916 S.W.2d 685, 693 (Tex.App. - Waco 1996, writ den’d). 
            The trial court found that appellant had actual notice of the July 2, 2002, hearing. At the
hearing, the trial court stated that “[appellant] did not show up to argue his case and he knew when
it was.” The law recognizes a presumption that a trial court will hear a case only when notice has
been given to the parties. Turner v. Ward, 910 S.W.2d 500, 505 (Tex.App. - El Paso 1994, no writ). 
To overcome this presumption, an appellant must affirmatively show a lack of notice. Hanners v.
State Bar of Texas, 860 S.W.2d 903, 908 (Tex.App. - Dallas 1993, writ dism’d w.o.j.). This burden
is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that
proper notice was not received. Hanners v. State Bar of Texas, supra at 908. Appellant did not
provide any evidence that he did not have actual notice of the hearing. He did not meet his burden
of affirmatively showing a lack of notice of the actual hearing date and time.
            Appellant did not present any evidence, by affidavit or otherwise, in support of his allegation
that he was unavailable for hearing until July 10, 2002. In his appellate brief, he states that the trial
court knew that he was in Florida at that time; however, the record does not contain any evidence
that appellant was in Florida. In the absence of such evidence in the record, appellant cannot
demonstrate that the trial court abused its discretion in denying his motion for continuance.             For the above reasons, we find that the trial court did not abuse its discretion in denying
appellant’s motion for continuance. Appellant also has not demonstrated that the trial court’s action
in denying his motion for continuance caused him any harm. Beutel v. Dallas County Flood Control
District, No. 1, supra at 693. Appellant’s second issue is overruled.
Battering Intervention and Prevention Program
            In his third issue, appellant contends that the trial court erred in conditioning his access to
and visitation with his children on attendance at a specific battering intervention and prevention
program in Dallas, Texas, when appellant was living in Florida. The jury found that appellant had
a history or pattern of committing family violence during the two years preceding the date of the
filing of this suit. Appellant does not challenge the jury’s finding. TEX. FAM. CODE ANN. §
153.004(d) (Vernon Supp. 2004 - 2005) provides in part as follows:
            (d) The court may not allow a parent to have access to a child for whom it is
shown by a preponderance of the evidence that there is a history or pattern of
committing family violence during the two years preceding the date of the filing of
the suit or during the pendency of the suit, unless the court:
 
            (1) finds that awarding the parent access to the child would
not endanger the child’s physical health or emotional welfare and
would be in the best interest of the child; and
 
            (2) renders a possession order that is designed to protect the
safety and well-being of the child and any other person who has been
a victim of family violence committed by the parent and that may
include a requirement that:
 
            (D) the parent attend and complete a battering
intervention and prevention program as provided by
[TEX. CODE CRIM. PRO. ANN. art. 42.141 (Vernon 
Pamph. Supp. 2004 - 2005)], or, if such a program is
not available, complete a course of treatment under
[TEX. FAM. CODE ANN. § 153.010 (Vernon 2002)].

The trial court, based on the jury’s finding that appellant had a history or pattern of committing
family violence, had discretion to order appellant to complete a battering intervention and prevention
program under Section 153.004(d)(2)(D). 
            Appellant complains that the trial court abused its discretion in ordering him to attend the
program in Dallas instead of an equivalent program in Florida. Appellant claims that he cannot
attend the program in Dallas because he resides in Florida. However, no evidence exists in the
record (1) that appellant was living in Florida; (2) that appellant could not complete the program in
Dallas; (3) that an equivalent program exists in Florida; or (4) that appellant could complete an
equivalent program in Florida. The record does not support appellant’s claim that the trial court
abused its discretion in requiring appellant to attend the battering intervention and prevention
program in Dallas. Appellant’s third issue is overruled.
Appellant’s Access to Children
            In his fourth issue, appellant complains that the trial court erred in requiring that his access
to his children be supervised by “Hannah’s House” in Dallas and limited to two hours a week when
other less restrictive options were available. TEX. FAM. CODE ANN. § 153.002 (Vernon 2002)
provides that the best interest of the child shall always be the primary consideration of the court in
determining the issues of conservatorship, possession, and access to a child. TEX. FAM. CODE
ANN. § 153.193 (Vernon 2002) provides that the terms of an order that imposes restrictions or
limitations on a parent’s right to possession of or access to a child may not exceed those that are
required to protect the best interest of the child. The trial court is given wide latitude in determining
the best interest of a minor child. The judgment of the trial court will be reversed only when it
appears from the record as a whole that the court has abused its discretion. Gillespie v. Gillespie,
644 S.W.2d 449, 451 (Tex.1982).
            The jury found that appellant had a history or pattern of committing family violence during
the two years preceding May 30, 2001. The jury also found that credible evidence had been
presented of a history or pattern of past or present child neglect or physical or sexual abuse by
appellant against appellee or a child. TEX. FAM. CODE ANN. § 153.004(e) (Vernon Supp. 2004 -
2005) provides as follows:
            It is a rebuttable presumption that it is not in the best interest of a child for a
parent to have unsupervised visitation with the child if credible evidence is presented
of a history or pattern of past or present child neglect or physical or sexual abuse by
that parent directed against the other parent, a spouse, or a child. 
 
The record includes evidence of the following: (1) that appellant’s daughter was sexually assaulted
while she was in appellant’s care; (2) that appellant had failed to maintain his son’s asthma
medication regimen; (3) that appellant had neglected to feed the children and to take care of their
hygienic needs on occasion; (4) that, on one occasion when appellant returned the children to
appellee after an unsupervised visit, the children were totally eaten up with flea bites or chigger bites;
(5) that appellant had yanked his daughter by the forearm although his daughter had a condition that
causes her elbow to dislocate easily; (6) that appellant habitually used profanity around the children;
(7) that appellant was an excessive drinker of alcohol; (8) that appellant grew marihuana at the
marital residence and frequently used marihuana; (9) that appellant tested positive for marihuana on
a number of occasions and positive for cocaine on one occasion; (10) that appellant had assaulted
appellee; and (11) that counselors for the children believed that the children experienced fear as a
result of their exposure to appellant.
            In light of the jury findings and this evidence, the trial court acted within its discretion in
restricting appellant’s access to the children to two hours a week under the supervision of Hannah’s
House. Appellant’s fourth issue is overruled.
Award of Attorney’s Fees
            In his ninth issue, appellant contends that the evidence was insufficient to support the trial
court’s award of $35,000.00 in attorney’s fees to appellee. Appellant contends that appellee’s
counsel testified that he spent between 80 and 100 hours on this case. Appellant argues that this
testimony, coupled with the testimony of appellee’s counsel that he charged $200.00 hourly was
insufficient to support an award of $35,000.00 in attorney’s fees.
 
            Factors the trial court should consider when determining the reasonableness of an attorney’s
fee include:
            (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;
 
            (2) the likelihood that the acceptance of the particular employment will pre-clude other employment;
 
            (3) the fee customarily charged in the locality for similar legal services;
 
            (4) the amount involved and the results obtained;
 
            (5) the time limitations imposed by the client or by the circumstances; 
 
            (6) the nature and length of the professional relationship with the client;
 
            (7) the experience, reputation, and ability of the lawyer or lawyers performing
the services; and 
 
            (8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.
 
Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex.1999).
            Appellee’s counsel testified that he has been a licensed attorney for over 30 years and that
he has had substantial experience in the practice of family law. He testified that his hourly fee in this
case is $200.00. He said that, as of about two to three weeks before trial, appellee had incurred 
between $21,000.00 and $22,000.00 in attorney’s fees. He said that he probably spent 40 to 50 hours
preparing the case for trial. He testified that it would take probably close to 20 hours to get the case
concluded after trial. The trial lasted for three days. He said that his total fees through the trial
proceedings would be in the neighborhood of $30,000.00 to $35,000.00. He also said that his fees
were reasonable and necessary.
            Steve Bruneman, a board certified specialist in family law, testified on the attorney’s fees
issue. He said that the hourly rate of $200.00 was more than reasonable. He also said that, based
upon his review of the file, charges of $21,000.00 to $22,000.00 prior to starting the trial would be
very reasonable. He also said that the case was unusual because appellant was representing himself
pro se and that there had been several contempt motions and orders.
            The evidence was sufficient to support the trial court’s award of $35,000.00 in attorney’s
fees. Appellee had incurred $21,000.00 to $22,000.00 in attorney’s fees and expenses as of two to
three weeks before trial. Appellee’s counsel said that he spent at least 40 hours preparing the case
for trial. He also spent three days in trial – at least an additional 24 hours. He also said that it would
take close to 20 hours to get the case concluded after trial. When this 84 hours is multiplied by the 
hourly fee of $200.00, the total is $16,800.00. When this $16,800.00 amount is added to the
$21,000,00 or $22,000.00, the total is $37,800.00 or $38,800.00. Appellee’s counsel testified that
his fees were reasonable and necessary. When viewed in light of the factors set forth in Garcia v.
Martinez, supra, the evidence supports a finding that at least $37,800.00 in attorney’s fees were
reasonable and necessary. Thus, the trial court did not err in awarding $35,000.00 in attorney’s fees. 
Appellant’s ninth issue is overruled.
Division of Community Property
            In his eighth issue, appellant complains that the trial court made a disproportionate division
of the community property. Appellant contends that the trial court made a net total community
property award to appellee in the amount of $56,337.00 and, taking into account that the trial court
ordered appellant to pay appellee the amount of $35,000.00 in attorney’s fees, that the trial court
made a net community property award to appellant in the amount of $3,528.00. Thus, appellant
contends that the trial court awarded 94 percent of the community estate to appellee and 6 percent
of the community estate to him.
            We review a trial court’s property division under an abuse of discretion standard. Vallone
v. Vallone, 644 S.W.2d 455, 460 (Tex.1982). TEX. FAM. CODE ANN. § 7.001 (Vernon 1998)
provides in part as follows:
[T]he [trial] court shall order a division of the estate of the parties in a manner that
the court deems just and right, having due regard for the rights of each party and any
children of the marriage.
 
A trial court has wide discretion in dividing the community estate. Schlueter v. Schlueter, 975
S.W.2d 584, 589 (Tex.1998); Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex.1981).
            Appellant argues that the trial court’s 94 percent to 6 percent distribution constituted an abuse
of discretion. The trial court ordered appellant to pay $35,000.00 in attorney’s fees. A trial court
may award attorney’s fees in a suit affecting the parent/child relationship. TEX. FAM. CODE ANN.
§ 106.002 (Vernon Supp. 2004 - 2005); Henry v. Henry, 48 S.W.3d 468, 480 (Tex.App. - Houston
[14th Dist.] 2001, no pet’n). A trial court may also award attorney’s fees in a divorce action as part
of a just and right division of the community property. Henry v. Henry, supra; Abrams v. Abrams,
713 S.W.2d 195, 197-98 (Tex.App. - Corpus Christi 1986, no writ). In cases involving both the
division of community property and the parent/child relationship, the trial court may, within its
discretionary powers, award reasonable attorney’s fees either as a part of a just and fair division of
such property or as costs in the suit affecting the parent/child proceeding or may allocate the
attorney’s fees award between the two categories as the facts may warrant. Capellen v. Capellen,
888 S.W.2d 539, 545 (Tex.App. - El Paso 1994, writ den’d). 
            In the final decree of divorce, the trial court found that $35,000.00 in attorney’s fees were
reasonable and necessary and incurred for the best interest of the children and for division of the
property. The record demonstrates that most of the attorney’s fees incurred were related to the suit
affecting the parent/child relationship. However, the trial court did not allocate the attorney’s fees
between the two categories. We, therefore, abated the appeal and instructed the trial court to make
findings on the attorney’s fees issues. The trial court made findings in accordance with this court’s
order. The trial court found that the amount of attorney’s fees awarded as part of the property
division was $3,000.00 and that the amount of attorney’s fees awarded in relation to the suit affecting
the parent/child relationship was $32,000.00.
            Based on the trial court’s attorney’s fees findings, the trial court awarded about $56,337.00,
or 61 percent, of the community estate to appellee and about $35,528.00, or 39 percent, of the
community estate to appellant. Thus, the issue is whether the 61 percent to 39 percent distribution
constituted an abuse of discretion. In exercising its discretion, the trial court may consider many
factors, and it is presumed that the trial court exercised its discretion properly. Murff v. Murff, supra
at 699. In Murff, the Texas Supreme Court explained that the trial court may consider such factors
as the spouses’ capacities and abilities, benefits which the party not at fault would have derived from
continuation of the marriage, business opportunities, education, relative physical conditions, relative
financial conditions and obligations, disparity of ages, size of separate estates, and the nature of the
property. Murff v. Murff, supra at 699.
            In Golias v. Golias, 861 S.W.2d 401, 403 (Tex.App. - Beaumont 1993, no writ), the court
of appeals held that the trial court did not abuse its discretion in awarding 79 percent of the com-munity estate to the wife. The Golias court cited several other cases upholding similar property
awards. See Oliver v. Oliver, 741 S.W.2d 225, 228-229 (Tex.App. - Fort Worth 1987, no writ)(80
percent); Rafidi v. Rafidi, 718 S.W.2d 43, 45-46 (Tex.App. - Dallas 1986, no writ)(85 percent - 90
percent); Morrison v. Morrison, 713 S.W.2d 377, 380 (Tex.App. - Dallas 1986, writ dism’d)(83
percent); Jones v. Jones, 699 S.W.2d 583, 586 (Tex.App. - Texarkana 1985, no writ)(86 percent);
Campbell v. Campbell, 625 S.W.2d 41, 43 (Tex.App. - Fort Worth 1981, writ dism’d)(96 percent);
Huls v. Huls, 616 S.W.2d 312, 317 (Tex.App. - Houston [1st Dist.] 1981, no writ)(85 percent).
            When viewed in light of the Murff factors, the trial court did not abuse its discretion in
dividing the community estate. Appellant’s eighth issue is overruled. 
This Court’s Ruling 
            The judgment of the trial court is affirmed. 
                
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
September 30, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.