**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00021-CV

————————————

## METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Appellant

## V.

## LARRY HUNTER, Appellee

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-37591**

---

## MEMORANDUM OPINION

Metropolitan Transit Authority of Harris County, Texas ("Metro") appeals a judgment in favor of Larry Hunter entered after a jury trial. Hunter sued Metro for negligence after he fell and was injured while riding a bus operated by Metro. In one issue, Metro argues that it is entitled to a new trial because the trial judge

exhibited bias and prejudice by making incurable comments on the weight of the evidence.  We affirm.

## Background

In November 2011, Hunter, who was carrying several bags of groceries, boarded a Metro bus in downtown Houston.  While he was walking to a seat at the rear of the bus, the bus jerked forward and he fell, injuring his knees.  Hunter sued Metro for negligence.

At trial, Hunter testified and called several witnesses in his case in chief: the bus driver, Colindra Taylor, two treating doctors, Dr. John DeBender, Jr. and Dr. Hamid Sohrabian, and Hunter's sister, Lisa Lewis.  After Hunter rested, Metro called Santiago Osorio, Metro's service director of operations, followed by Gerald Griffin, a Metro Street Supervisor who responded to Taylor's call to dispatch about the injury and prepared an incident report.

The jury found Hunter 25% responsible for his injuries and Metro 75% responsible. It awarded Hunter a total of $93,245 in damages.  The trial court entered judgment on the verdict awarding Hunter his proportionate share of the damages, $69,933.75.  Metro appealed.

**Discussion**

In its sole issue, Metro contends that it is entitled to a new trial because the trial judge exhibited bias and prejudice by making two incurable comments on the weight of the evidence.

**A.    Standard of Review and Applicable Law**

We apply a de novo standard of review to determine whether a judge's comment exhibited bias or was an improper comment on the weight of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240–41 (Tex. 2001); *In re Commitment of Wirtz*, 451 S.W.3d 462, 470 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Am. Bankers Ins. Co. v. Caruth*, 786 S.W.2d 427, 434 (Tex. App.—Dallas 1990, no writ). "[T]he discretion vested in the trial court over the conduct of a trial is great." *Dow Chem. Co.*, 46 S.W.3d at 240 (internal quotations omitted). "A trial court has the authority to express itself in exercising this broad discretion," and "may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time." *Id.* We review the complained-of comment in the context of the entire record. *See Wirtz*, 451 S.W.3d at 470.

"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dow Chem. Co.*, 46 S.W.3d at 240 (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)). Similarly,

3

"expressions of impatience, dissatisfaction, annoyance, and even anger [or a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration," do not establish bias. *See id.* (quoting *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157). Likewise, while comments that suggest the judge's opinion about the evidence or the verity or accuracy of relevant facts are impermissible comments on the weight of the evidence, the trial court has considerable discretion in controlling the orderly process of the trial and making comments to that end. *See In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003); *Wirtz*, 451 S.W.3d at 470; *Knoll v. Neblett*, 966 S.W.2d 622, 640 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

To preserve error, a party must object to the trial judge's allegedly improper comment when it occurs and request a curative instruction, unless a proper instruction cannot render the comment harmless. *In re Commitment of Stuteville*, 463 S.W.3d 543, 557 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). A comment is incurable and needs no objection only if it "cannot be repaired." *Id.* (citing *Capellen v. Capellen*, 888 S.W.2d 539, 547 (Tex. App.—El Paso 1994, writ denied) (comment is incurable only if it is "blatantly and obviously prejudicial"). The appellant bears the burden to "explain how any comments made by the trial judge were incurable or would excuse" the appellant's "failure to preserve error." *Id.* (quoting *Dow Chem. Co.*, 46 S.W.3d at 241).

## B.     The Allegedly Improper Comments

Metro complains of two comments by the trial judge. In the first, italicized below, the trial judge admonished Griffith, the street supervisor, before he took the witness stand on the last day of a three-day trial:

> The Court: Good morning, sir.
>
> Griffith: Good morning.
>
> The Court: Let me swear you in.  Please raise your right hand.
>
> (Oath administered to the witness)
>
> The Court: All right. Please have a seat. I'm going to give you some more instructions.  Some instructions.  Please move your chair all the way up, all the way up as close—physically move your chair all the way up as you can get to the microphone, sir.
>
> We have a very limited amount of time.  So, please, *you may have come in here with a plan*, but I need you just to answer the questions that you are asked.  Factual questions, factual answers. All right. No arguments. No volunteering extra information. Yes?
>
> Griffith: No problem. Yes, sir.

In the second complained-of comment, italicized below, the trial court admonished Griffith during cross-examination about the responsiveness of his answers to questions regarding his independent memory of his investigation:

> Q. Well, you wouldn't write down if the—if he said a different place than [the bus driver], you'd definitely write down what she says, right? Because she's the operator of the bus that works for y'all, she would know where it happened, right?
>
> A. I would assume.
>
> . . .

5

Q. And Mr. Hunter testified in this case that [the incident] happened at San Jacinto and Franklin. I'll represent that to you. So it didn't happen at Collingsworth and Wayne, did it, according to the people that were there?

A. I was dispatched to Collingsworth and Wayne.

Q: Yeah, but you said location of where the incident happened was Collingsworth and Wayne. That's where you thought it happened when you wrote this report, correct?

A. Correct.

Q. And that's because the bus driver told you that?

A. Both parties.

Q. You think both of them told you that?

A. Yes.

Q. Oh, you remember that independently, that Mr. Hunter told you that day that this happened at Collingsworth?

A. I always ask.

The Court: Hold on, hold on. Answer the question you are asked. *I know that witnesses come in and they have this great plan of how they're going to tell their side of the story. That's not how it works.* You're here to provide factual information for this jury. *You are under oath to tell the truth, the whole truth and nothing but the truth. Do you understand that?*

Griffith: Yes.

The Court: That is what you are here to do. *I don't care what your agenda is, answer his questions factually.*

Griffith: Yes.

## C. Analysis

Metro acknowledges that it failed to object to either comment, and therefore bears the burden to demonstrate that the comments were incurable. Metro argues that both comments were incurable because Griffith was Metro's primary witness and the comments conveyed the trial judge's opinion that Griffith was not credible. Metro relies on a single case, *Capellen v. Capellen*, 888 S.W.2d 539 (Tex. App.—El Paso 1994, writ denied), to support its contention that the comments were incurable. But in *Capellen*, a divorce case, the appellate court held that the trial judge's complained-of comments were *not* incurable. The three allegedly incurable comments in *Capellen* were:

- After overruling an objection by husband's counsel to wife's response on cross-examination which husband's counsel asserted was "nonresponsive," the trial judge stated, "I think she gave her best answer in terms of—I'm going to allow it anyway."

- After wife's attorney requested that husband read his answer from a page of his deposition, husband said, "Your Honor, I'm trying to get a reference to what I'm reading." The trial judge responded, "Sir, you're not required to get a reference. You're required to read the answer. Your attorney has a job to do, and he will take care of those problems? [sic]"

- When husband's counsel objected to a question by opposing counsel as repetitive, judge responded, "I don't think you're right. Sustained."

*Id.* at 547. The *Capellen* court concluded that these comments could have been cured if the husband had objected. *Id.* The appellate court therefore overruled the

7

husband's appellate complaints about these comments because he had not objected to them. *Id.*

Likewise, here, after reviewing the complained-of comments in the context of the entire record, we conclude that while they could have been more measured, they were not incurable. Metro could have objected and requested that the trial court instruct the jury that his comments were only intended to maintain control of and expedite the trial and were not intended to convey any opinion about Griffith or his credibility. *See Stuteville*, 463 S.W.3d at 557 (comment is incurable and needs no objection only if it "cannot be repaired"); s*ee also Dow Chem. Co.*, 46 S.W.3d at 241 (maintaining control of and expediting trial is a quintessential function left to trial court's discretion); *Wirtz*, 451 S.W.3d at 470 (same); *see, e.g.*, *Kennedy v. State Bar of Texas*, No. 14-93-00671-CV, 1995 WL 613072, at \*7 n.2 (Tex. App.— Houston [14th Dist.] Oct. 19, 1995, no pet.) (not designated for publication) (trial judge's admonishments directing witness to properly answer questions were not incurable). However, Metro did not object to either of the complained-of comments.

In short, Metro has failed to show that either complained-of comment was so "blatantly and obviously prejudicial" that it could not be overcome by a curative instruction. *Capellen*, 888 S.W.2d at 547; *see Dow Chem. Co.*, 46 S.W.3d at 241 (appellant bears burden to "explain how any comments made by the trial judge were incurable or would excuse" appellant's "failure to preserve error"); *Stuteville*, 463

S.W.3d at 557 (comment is incurable only if it "cannot be repaired").  Because the comments were not incurable, Metro was required to object in the trial court.  It did not, and accordingly, we hold that Metro has failed to preserve its complaints for our review.  *See Dow Chem. Co.*, 46 S.W.3d at 241; *Stuteville*, 463 S.W.3d at 557.

## Conclusion

We affirm the trial court's judgment.



Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.