Natividad SANDOVAL, Appellant,

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Appellee.**

No. 07–81–0245–CV.

Court of Appeals of Texas, Amarillo.

May 16, 1983.

Hoffman & Wheeler, Tim Hoffman, Amarillo, for appellant.

Gene Storrs, Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Natividad Sandoval sought to recover from Hartford Casualty Insurance Company the damages sustained in an upset by his truck which was insured by Hartford. In a bench trial, the court, finding that Sandoval failed to negate Hartford's pleaded exclusion that the damage was due and confined to a mechanical failure, rendered a take-nothing judgment. Concluding that the evidence negated the pleaded exclusion and that Sandoval's damages were established, we reverse and render.

Hartford issued its policy insuring a truck owned by Sandoval. While the policy was in force, Sandoval used the truck to haul moist, green ensilage to a feedyard. During the process of unloading the ensilage, the load shifted, the truck bed twisted, and the truck upset, sustaining damages appraised by Hartford of $4,857.74. After the upset, it was discovered that the hydraulic lift-arms, also referred to as cylinders, which are utilized to tilt the truck bed for unloading, were bent.

When Hartford refused to honor Sandoval's damage claim, he brought this action to recover the damages sustained by the truck, together with incidental monetary claims. Hartford answered, interposing the following exclusion in the policy:

This insurance does not apply:

\* \* \* \* \* \*

(b) to damage which is due and confined to:

\* \* \* \* \* \*

(iii) mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this insurance.

Hartford stipulated that Sandoval would be entitled to recover under the policy in the absence of the application of the pleaded exclusion.

Only two witnesses, Sandoval and J.T. Hail, gave testimony bearing on the cause of the upset. Although there was, as the trial court recognized, some difficulty in understanding Sandoval's testimony, it was made clear by Hartford's cross-examination that, in the sequence of events, the moist or wet ensilage stuck or shifted and the truck bed twisted before it came into contact with

the ground. Sandoval acknowledged that the two hydraulic cylinders were bent.[1]

J.T. Hail is an independent insurance appraiser who, through his agent, appraised the damage to Sandoval's truck for Hartford. After he expressed his experience in examining many damaged ensilage trucks, Hail was asked the result of a load shift or the failure of the ensilage to evenly run out of the bed. He replied that usually the frame will bend down on the back corner and let the bed twist off to the side. This, in Hail's opinion based on his examination of the pictures of Sandoval's truck, appeared to have happened in this particular case.[2]

The trial court found that the truck suffered an upset within the meaning of the insurance policy, but that Sandoval failed to negate the exclusion pleaded by Hartford.[3] The disputed appellate issue, as framed by the litigants, is whether the evidence shows that the upset was not due and confined to the mechanical breakdown or failure of the hydraulic lift-arms.

To recover under the policy, Sandoval had the burden to negative the pleaded exclusion. *Sherman v. Provident American Insurance Company*, 421 S.W.2d 652, 654 (Tex. 1967). Then, to discharge his burden as the cause was postured, Sandoval had to show by a preponderance of the evidence that the damage sustained by his truck was not "due and confined to . . . mechanical . . . breakdown or failure."

However, since the trial court found that Sandoval did not meet his burden, Sandoval, to prevail on appeal, must show either that (1) the evidence negated the exclusion as a matter of law, Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 363–64 (1960), or that (2) the court's failure to find that the exclusion was negated is against the great weight and preponderance of the evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). By his points of error, Sandoval contends he has made the necessary showing.

■ The only two witnesses giving testimony bearing on causation, Sandoval, an interested witness, and Hail, a disinterested one on the subject, testified that the initial event was the shifting of the moist, green ensilage load. Thereafter, the testimony is that in some sequence, the truck frame bent down, the truck bed twisted, the hydraulic lift-arms bent, and the truck upset. Sandoval's and Hail's testimony that the load shifted first is clear, positive and uncontradicted by any other circumstance recorded. The force of their testimony is not lessened by the testimonial excerpts mentioned in marginal notes 1 and 2 *infra;* for, to the extent that such testimony may suggest some happening before the load shifted, if it does, the suggestion would be based on surmise or suspicion which, in legal contemplation, is not any evidence. *Cactus Drill-*

1. Shortly after the acknowledgement, Sandoval was asked and responded as follows:

    Q Okay. And, you don't disagree, do you, that those cylinders bent again before the truck—before the bed made any contact with the ground, they bent as a result of the bed twisting, did they not?
    A Right.

    Given the fact that Sandoval was in the cab of the truck operating the unloading mechanism and was in no position to observe the order of sequent events following the load shift, the only probative value of his answer is to agree that the hydraulic lift-arms bent as a result of the truck bed twisting.

2. In summarizing Hail's testimony bearing on causation, we have not overlooked his expression of an opinion that the damage to the truck bed resulted from a mechanical failure; how-

ever, the opinion was elicited as the only choice between a collision with any object or a mechanical defect. Aside from the fact that a collision did not occur, Hail clarified his choice by saying that the frame was the mechanical part to which his testimony referred. Moreover, he conceded that he had only looked at the pictures, and that he had not examined the truck to see if there was a mechanical failure of the pistons, the hydraulic system or the engine.

3. Specifically, the court found that Sandoval "failed to prove by a preponderance of the evidence that the wrenching of the truck and bending of the hydraulic lift-arms occurred because of the turning over of the truck, rather than the wrenching of the truck and its turning over having occurred because of the mechanical failure of the lift-arms in bending."

*ing Company v. Williams,* 525 S.W.2d 902, 909 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

◼ We recognize, of course, the deference due the findings of the trial court who, seeing the witnesses and hearing their testimony, is in the best position to judge their credibility and the weight to be given their testimony, thereby crediting or discrediting the testimony given. Yet, the deference is not absolute.

◼ The positive, unimpeached and uncontradicted testimony of a witness may not be arbitrarily discredited or disregarded, *Flack v. First Nat. Bank of Dalhart,* 148 Tex. 495, 226 S.W.2d 628, 633 (1950), especially when the testimony is so clear that it is unnecessary to speculate on the witness' veracity. *Collora v. Navarro,* 574 S.W.2d 65, 69 (Tex.1978). Thus, where the testimony of a witness, even an interested one, is clear, direct, positive, and uncontradicted by any other witness or attendant circumstances, it is taken as true as a matter of law. *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

◼ Sandoval's and Hail's testimony that the load shifted first meets the criteria for being accepted as true as a matter of law. Given that acceptance, it establishes that in a continuous sequence of cause and effect, the load shifted causing, in some sequence, the truck frame to bend down, the truck bed to twist, and the hydraulic lift-arms to bend, thereby effecting the upset. It further establishes that the load shift causing the truck bed to twist was an intervening cause of the mechanical breakdown or failure and, because of it, the damage was not solely "due and confined to ... mechanical ... breakdown or failure." *Home Service Casualty Insurance Company v. Barry,* 277 S.W.2d 280, 284–85 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.). It follows that Sandoval met his burden to negate the pleaded exclusion by the evidence.

◼ In prosecuting his claim, Sandoval affirmatively and judicially waived all of his pleaded entitlements to monetary recoveries except for the damages sustained by his truck. The written appraisal of the $4,857.74 damages sustained by Sandoval's truck was introduced by Hartford through Hail without limitation. Generally, one who introduces a document vouches for its accuracy and, subject to certain exceptions, will not be allowed to impeach its recitals. *Gevinson v. Manhattan Construction Co. of Okl.,* 449 S.W.2d 458, 466 (Tex.1969). Hartford has not advanced any exception to the accuracy of the document and we, therefore, accept it as establishing the damages to which Sandoval is entitled.

Accordingly, the take-nothing judgment of the trial court is reversed. Judgment is here rendered that Natividad Sandoval recover of and from Hartford Casualty Insurance Company the sum of $4,857.74, with interest thereon at the rate of nine (9%) percent per annum from 17 August 1981, the date of the trial court's judgment, until paid. Tex.R.Civ.Pro. 434.