**Dolores T. MATA, Appellant,**

v.

**V.H. MATA, Appellee.**

**No. 13–86–096–CV.**

Court of Appeals of Texas, Corpus Christi.

May 8, 1986.

Francisco Canseco, Laredo, for appellant.

Roger Rocha, Laredo, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

By sixteen points of error, appellant contests the court's findings and the division of property in the parties' divorce. We affirm the granting of the divorce, but reverse the property division and remand it to the trial court.

Appellant and appellee were married for about 26 years. All of their property is community. Appellee is a prominent physician, and appellant managed his office, as well as their extensive financial affairs, until the final months of their marriage.

The trial court entered an initial divorce decree on March 26, 1985, but stated that it would take the property division under advisement. It asked the parties to submit sworn inventories. Appellant filed an inventory, but appellee did not. On June 21, 1985, the court held a hearing on the property division issues. Appellant put on evidence, but appellee did not.

On July 22, 1985, the court entered a Final Decree of Divorce which divided the community assets and liabilities. On August 6, 1985, appellee signed a Motion to Modify Decree of Divorce, representing that the parties had agreed to a change in the award of the homestead. Appellant did not sign the motion, and we have no record of a hearing. On August 8, 1985, the judge signed an Amended Decree of Divorce, modifying the homestead award. The court filed its Findings of Fact and Conclusions of Law on September 9, 1985.

By her first eight points of error, appellant challenges specific findings on the values of the parties' property. Appellant claims to have established different values for numerous items as a matter of law. When an appellate court has a statement of facts before it and the trial court's specific findings are challenged, the appellate court must examine the entire record

and sustain the findings if any probative evidence supports them. *Home State Bank v. Cavett*, 518 S.W.2d 584, 586 (Tex. Civ.App.—Austin 1975, no writ); *Astro Sign Co. v. Sullivan*, 518 S.W.2d 420, 424 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). We will look to the records of the hearing on March 15, 1985, at which both appellee and appellant testified, and of the hearing on June 21, 1985, at which appellant and her three experts testified.

Appellee points out that the trial court stated that it had already reached a decision before the June hearing. If appellee did present evidence, it was his burden to have it included in the record. The record indicates that appellee had opportunity to present evidence and did not. Therefore, he cannot complain of the facts established by appellant. *Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex.1978); *Sandoval v. Hartford Casualty Insurance Co.*, 653 S.W.2d 604, 607 (Tex.App.—Amarillo 1983, no writ); *Fidelity & Casualty Co. v. Shubert*, 646 S.W.2d 270, 274 (Tex. App.—Tyler 1983, writ ref'd n.r.e.); *Andrews v. Utica Mutual Insurance Co.*, 647 S.W.2d 22, 26 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd).

In Texas, an owner may testify to the value of his property, both real and personal, if he declares he knows its market value. *Southwest Craft Center v. Heilner*, 670 S.W.2d 651, 654 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Superior Truck v. Allen*, 664 S.W.2d 136, 146–47 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Wright v. Gernandt*, 559 S.W.2d 864, 870–71 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Elrod v. Elrod*, 517 S.W.2d 669, 673 (Tex.Civ.App.—Corpus Christi, 1974, no writ). Appellant is also a licensed realtor.

By point thirteen, appellant complains of the inequality of the division of property, contending that the trial court erred in evaluating various assets, and that the division is not equitable. By various points, appellant alleges error in specific findings of values. In comparing some of the findings with the evidence, we find that the court abused its discretion in the property division, and sustain point thirteen.

By points one, two, and five, appellant complains that the values the trial judge assigned to three cars are not based on the evidence. Appellant testified that the 1980 Mercedes Benz was worth $20,000. Appellee testified in the March hearing that he had paid $24,000 for it used. Appellant's expert, who testified that he is in the business of buying and selling antique cars, testified that the value could range from $12,500 to $17,500. The judge awarded the Mercedes Benz to appellee and valued it at $10,000. Appellant testified that a 1950 MG Roadster was worth $12,000. Her expert testified that it was worth between $12,000 and $17,500. Appellee testified in the March hearing that he bought it for $6,400, though he did not say when. The judge awarded it to appellee and valued it at $4,000. The only testimony on the value of the 1968 Volkswagen was appellant's valuation at $800. The court awarded it to her and valued it at $2,000.

Where the uncontested evidence establishes only one value, the trial court cannot draw a different inference. *Elrod* at 674; *see Collora* at 69; *Sandoval* at 607. When several values are given, or a witness concedes that the value may be higher or lower than his estimate, the court's finding on value should be within the range of values in evidence. *See Elrod* at 673. Thus, we find that the court abused its discretion in assigning values to the cars which are not supported by evidence. We sustain appellant's points one, two, and five.

By point three, appellant asserts error in the court's finding that the value of the household furnishings was not ascertainable from the record. Appellant gave the market value of the items in the house as $50,000, and stated that she based her opinion on the fact that she bought the furniture herself and that the items included oriental carpets, art objects, and collections. She also testified that she no longer had access to a file containing receipts,

which was left in appellee's possession. She introduced photos of the interior of the house with its furnishings. Appellee could have testified or introduced evidence if he disagreed. We sustain point three.

■ By point four, appellant complains that the court valued the property identified as 407 Berkley, which was awarded to her, at $75,000, when its value was established as $52,000. During the June hearing, counsel for appellant and appellee agreed that the value of the 407 Berkley was $52,000. The only other discussion of the value of 407 Berkley was in the March hearing, when appellee opined that another property was worth more than 407 Berkley. The trial court cannot make findings not in conformity with agreed facts. We sustain point four.

■ By point six, appellant claims that the business known as Gold Key Real Estate, awarded to her, has no value as a matter of law, and that the court erred in assessing its value at $5,000. In the March hearing, appellee testified that appellant owned a business known as the Gold Key Real Estate, and that she was actively working, and that she made money. Appellant testified that Gold Key Real Estate was a name and a phone, and had no assets and no office. She testified that she was not presently working as a realtor and that she was not receiving fees. At the June hearing, appellant testified that she was employed as a broker by another realty firm, and that Gold Key Real Estate no longer existed. We find insufficient evidence of the value of the Gold Key Real Estate to support the $5,000 figure, and sustain point six.

■ By point ten, appellant complains that the court erred in considering the income tax liability of the parties for 1984, claiming that there was no evidence that the 1984 income tax was due and unpaid prior to the granting of the divorce. During the March 15 hearing, appellee testified that the 1984 tax return had not yet been filed. However, the evidence does not indicate whether an income tax was paid between March 15th and the date of the divorce. We sustain point ten.

■ By points eleven and twelve, appellant complains that the court divided the money accounts as of April 15, 1985, instead of on the date of the final decree, July 22, 1985, and that there was insufficient evidence of the values of those accounts on that date. We agree that the property should be divided as of the date of the divorce and that the evidence does not show values for that date. We sustain points eleven and twelve.

■ By point fourteen, appellant contests the valuation of appellee's business at $25,000. Appellant's expert, a bookkeeper working for a C.P.A., testified, and compiled an evaluation which was introduced into evidence. The cover letter of the report states that "V.H. Mata, M.D., has elected to omit substantially all of the disclosures normally included in a financial statement presentation. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the financial condition of V.H. Mata, M.D.," and "The financial statements have been prepared on the income tax basis of accounting, which is a comprehensive basis of accounting other than generally accepted accounting principles." The expert also noted that the books it used were not audited, and testified that the transactions were from one bank account. The evaluation listed the net income of the business in 1984 as $166,284.99. To value the business, which includes equipment and automobiles, at less than its yearly net income is not within the evidence. We find that the trial court abused its discretion, and sustain point fourteen.

■ By point sixteen, appellant complains that the court made a finding of fault. Appellee's pleadings for divorce and all of the evidence based the divorce on insupportability. No evidence shows fault of either party. However, the court stated in its findings of fact, "I find that this conflict was precipitated by the conduct of

760

DOLORES T. MATA." This is a finding of fault. We sustain point sixteen.

By point fifteen, appellant argues that, due to the court's faulty valuation of the property, the division is not fair, just, and equitable. Although the division does not have to be equal, an unequal division must be supported by some reasonable basis. *Welch v. Welch*, 694 S.W.2d 374, 376 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Zamora v. Zamora*, 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Hopkins v. Hopkins*, 540 S.W.2d 783, 787 (Tex.Civ.App.—Corpus Christi 1976, no writ). A division based on values not within the evidence is an abuse of discretion. We sustain point fifteen.

Given our disposition, we need not consider appellant's remaining points.

The parties do not appeal the granting of the divorce. Thus, we AFFIRM that portion of the judgment, but REVERSE the property division and REMAND this cause for a redetermination of the property issues. *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex.1976).