ACCEPTED
2013-509,724
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/8/2015 9:24:00 PM
Vivian Long, Clerk

NO 07-15-0001-CV
IN THE COURT OF APPEALS
FOR THE SEVENTH SUPREME JUDICIAL DISTRICT
AT AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

4/8/2015 9:24:00 PM

VIVIAN LONG
CLERK

BRENTLY WAYNE HRNCIRIK
Appellant,

v.

BOBBYE GAIL HRNCIRIK,
Appellee,

---

## APPELLANT'S BRIEF

---

TRIAL COURT NO. 2013-509,724, COUNTY COURT AT LAW NO. 2 OF LUBBOCK
COUNTY, TEXAS HONORABLE DRUE FARMER, PRESIDING JUDGE

---

LAW OFFICE OF DAVID MARTINEZ
1663 Broadway
Lubbock, Texas 79401
Telephone (806) 744-1692
Fax (806) 744-5660
dmtzlaw@aol.com


*/s/ David Martinez*
David Martinez
State Bar No. 13141650

**ATTORNEY FOR APPELLANT**

# IDENTITY OF PARTIES AND COUNSEL

1. Brentley Wayne Hrncirik

   Appellant and Respondent in Trial Court

2. David Martinez

   1663 Broadway

   Lubbock, Texas 79401

   Counsel for Appellant on appeal and in Trial Court

3. Bobbye Gail Hrncirik

   Appellee and Petitioner in Trial Court

   Pro Se on Appeal

4. Barbara Dickerson

   8212 Ithaca Ave, Suite I

   Lubbock, Texas 79423

   Trial Counsel for Appellee

i.

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| 1. | Index of Authorities | 1 |
| 2. | Statement of the Case | 2 |
| 3. | Statement Regarding Oral Argument | 2 |
| 4. | Issues Presented | 3 |
| 5. | STATEMENT OF THE FACTS | 4-8 |
| 6. | Summary of the Argument | 9 |
| 7. | Argument | 10-12 |
| 8. | Prayer | 12 |
| 9. | Appendix | 13 |

a. Divorce Decree dated October 1, 2014.
b. Trial Court's Finding of Facts and Conclusions of Law dated November 5, 2014

# INDEX OF AUTHORITIES

Page

Davis v. City of San Antonio 752 S.W. 2d 518 (Tex 1988)                    11

Lofton v. Texas Brine Corp. 720 S.W. 804 (1986)
Rev'd, 777 S.W. 2d 834 (Tex 1989)                                          12

Massey v Massey, 807 S.W. 2d 391 (Tex App. - Houston [1st Dist.]           10
1991, writ requested)

Mata v. Mata 710 S.W. 2d 756 (Tex-App Corpus Christi 1986)                 11

Middleton v. Kawasaki Steel Corp. 687 S.W.2d 42                            12
(Tex App.- Houston [14th Dist] 1985,
Writ ref'd nre. Per curiam
699 S.W. 2d 199 (Tex 1985)

Murff v Murff, 615 S.W. 2d 696 (Texas. 1988)                               10

Wallace v. Wallace, 623 S.W. 2d 723 (Tex. Civ. App.-Houston [1st Dist]     10
1981, writ dism'd)

Wilson v. Wilson, 44 S.W.3d 597 (Tex. App. Ft Worth 2001, no pet.)         10

**Statutes**

Tex. Fam Code 7.001 (West 2006)

## STATEMENT OF THE CASE

This is an appeal from a divorce proceeding, wherein Appellant, Brentley Wayne Hrincirk was the Respondent, and Appellee, Bobbye Hrncirik, was the Petitioner. After a final hearing on August 29, 2014, the Court entered a Final Divorce Decree on October 1, 2014. Appellant filed a Motion for New Trial on October 31, 2014, which was overruled by operation of law. Appellant filed a Notice of Appeal on December 30, 2014. In the divorce decree, the trial court granted the divorce on grounds of insupportably and adultery (C.R. page 50 paragraph 2, Findings of Fact.) Furthermore, the Decree of Divorce, (C.R. p.30, Findings of Fact p. 51 paragraph 15) awarded a disproportionate share of the property and debts between the parties based on fault in the breakup of the marriage by Appellant.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not believe oral argument would aid the Court in its decisional process. The law is well settled, and Appellant believes he has accurately pointed out in the record why the trial court abused its discretion.

2.

## ISSUES PRESENTED

1.  The trial court erred in finding that there was evidence that allowed the Court to award Appellee a disproportionate share of the community property, specifically 52% of the retirement of Appellant, Brentley Wayne Hrncirik.

2.  The trial court erred in finding that Appellee was entitled to a disproportionate share of the community property when there was no evidence or insufficient evidence to support that finding.

## STATEMENT OF THE FACTS

Over objection by Appellant's Counsel, Allen Young a process server, testified that he served Appellant a Motion for Enforcement, that was set for hearing on the same day as the final divorce hearing that being August 14, 2014. (R.R. Vol.2 page 7, lines 9-11, 20-24). Mr. Young testified that when he served Appellant with the enforcement papers, Appellant told him to get off his property or he would shoot him. (R.R. Vol 2 P.9 lines 19-24). After dropping the papers in front of Appellant, Appellant ran after Mr. Young and kicked his vehicle door. At the time of the incident Young testified that Appellant's demeanor was very violent (R.R. Vol 2 p 10 lines 2-7, 12-15) on cross examination Mr. Young testified he had, had that happen to him on other occasions. (R.R. Vol 2 P11, lines 2-4). Appellee, Bobbye Hrncirik then testified that she had filed the divorce petition on December 31, 2013, (R.R. Vol 2 p. 12 lines 20-22), that the parties were married on February 28, 2004 and that the parties had separated on September 21, 2013. (R.R. Vol 2 p.13 lines, 6-7, 9-10). According to her, the marriage had become insupportable and Appellant was guilty of cruel treatment to her. (R.R. Vol 2 p. 13 lines 12-13, lines 20-25) and adultery. (R.R. Vol 2 p.14 lines 1-2). There were no children born of the marriage, and she alleged that she should be awarded a disproportionate share of the parties estate for reasons outlined in her original petition, but specifically for fault in the breakup of the marriage, benefits she would have derived from continuation of the marriage, disparity of earning power and ability to support herself and community indebtedness and liabilities. (R.R. Vol 2 p. 14 lines 12-25). At the time of the divorce, Appellee testified she had worked for University Medical Center for 11 years as director of residential healthcare partnership. (R.R. Vol 2 p.15 lines 16-21). She further testified that Appellant had been a district manager for Matco Tools since April 2002. (R.R. Vol 2 p.15 lines 22-25).

4

At the time of the separation, Appellee's income was $94,500 annually and Appellant's approximately $130,000 a year, (R.R. Vol 2p.16 lines 10-17). Appellee testified that she had a 16 year old daughter, who lived with her and Appellant during their living together as husband and wife, and for 12 years plus, Appellant was her child's "dad". (R.R. Vol 2 p.16 lines 20-25, p.17 lines 4-11).

Appellee accused Appellant of adultery because supposedly he had an encounter with a women named Dana Sharp in Midland, who confirmed via a text message that Appellant had and encounter with her in April of 2013 and then in June. (R.R. Vol 2 page 18 lines 6-21).

Prior to this separation in August of 2013, the parties had bought 84 acres of land in Seymour, Texas, a mobile home to go on that land, an ATV, and had done some improvements on the land by putting a patio and owning on the mobile home. (R.R. Vol 2 p.17 lines 21-24). They also had lake property they sold because they had bought a new house with a swimming pool. (R.R. Vol 2 p.19 lines 13-15). The lake property was sold for $28,500 on September 15, 2012 and the installments were for $767.05 monthly. Up until the time of separation Appellant had received the monthly payments (R.R. Vol 2 p.21 lines 8-25).

Pursuant to temporary orders, the payments from the lake property starting in March 2014 were to be placed in a trust account. (R.R. Vol 2 p. 25 lines 3-7). However, Appellant had kept the monthly payments to pay bills. (R.R. Vol 2 p.25 lines 8-10). The parties also had a large fifth wheel, camper they had bought in 2008 for approximately $59,000, and Appellant had failed to make the monthly payments on the camper in the amount of $580.00 (R.R. Vol 2 p. 28 lines 4-7, lines 12-21). So, Appellee had to make payments. (R.R. Vol 2 p. 30 lines 2-5).

At the time of the divorce there was $14,891.14 in Appellee's Attorney's trust account. (R.R. Vol 3 Exhibit 9),Exhibit 10, was introduced

5

into evidence showing the fair market value of the parties community and debt. In particular the exhibit shows that Matco 401K of Appellant which had a value of $297,630.00 and Appellee's retirement plan with MetLife TSA showing a value of $42,609.00. (R.R. Vol 3, Petitioner Ex-10). Petitioner Exhibit 11 was introduced into evidence showing the alleged personal property in each parties possession with Appellee, claiming she had only retained $8,025.00 of personal property, and Appellee alleging Appellant had retained $59,860 worth of personal property which included $52,000 of missing tools and other tools. (R.R. Vol 3, Petitioner's Exhibit 11).

Even though Appellee introduced Petitioner's Exhibit 12 of invoices for furniture bought by the parties between 2005 to 2011 that was bought new that totaled $20,723.03 (R.R Vol 3, Petitioner's Exhibit 12) she testified that it only had a fair market value of $8,025 as shown on Petitioner's Exhibit 11. (R.R. Vol 2 p. 76 lines 5-10). Appellee testified she had included the $52,000 of missing tools because that was the value Appellant had given of the missing tools. (R.R. Vol 2 p. 79 lines 4-6).

Under cross-examination Appellee testified she was 40 years old (R.R. Vol 2 p. 47 lines 24-25) and that Appellant had in fact provided for two of Appellee's daughters where they lived together. (R.R. Vol 2 p.88 lines 10-24). She also admitted having to take alcohol counseling and a domestic violence course in order to get an assault case dismissed in which Appellant was the victim. (R.R. Vol.2 p89 lines 7-25). In fact she testified that the largest reason her case was dismissed was because Appellant wished not to press charges. (Respondent's Exhibit No. 1, R.R. Vol 3) she further claimed that she has furnished the 3200 square foot home with the swimming pool with $8,500 worth of furniture. (R.R. Vol 2 p. 13-22).

Appellee was in good health at the time of the divorce hearing and her employment with

University Medical Center was secure. (R.R. Vol 2 p 93. Lines 5-14). Appellant was then called to testify by Appellees attorney and he testified he had the camper sold to a Kenneth McMullin but had not been able to get the paperwork to sell it. (R.R. Vol 2 p 106 lines 5-22) and that he had no means of making the camper payments, even though he had been ordered to. (R.R. Vol 2 p. 108, lines 1-19). Appellant provided Appellee with Petitioner's exhibit 17 which had the total amount of debt for the parties at State National Bank, which totaled $127,342.88 (R.R. Vol 3, Petitioner's Exhibit 17).

Of that amount $7,000 was a child support note, (R.R. Vol 2 p 116 lines 19-22) $4,780 was for a motorcycle he had sold (R.R. Vol 2 p. 117, lines 13-19). Appellant through cross-examination of his attorney testified that he's base salary was $75,000 in a year to year contract that also paid him $600.00 a month for vehicle expense and $100.00 a month for office expense, plus $100.00 a day if he was on the road 50 miles or more from his house. (R.R. Vol 2 p. 126 lines 16-18).

Appellant offered his paycheck as Respondent's Exhibit No. 5. (R.R. Vol 3 Respondent's Exhibit 5). Respondent's Exhibit No. 6 which was his inventory of the personal property at the parties residence at the time of separation totaling $90,643 and Respondent's Exhibit No. 7, which was his itemization of a $9,500 tool box and $52,000 in tools he had accumulated from his 24 years work with Matco Tools. (R.R. Vol 3 Respondent's Exhibit No. 6 & 7) (R.R. Vol 2 p 129 lines 4-16) Appellant further testified that all his tools and equipment were missing from the shop. (R.R. Vol 2 p 130 lines 15-24).

Appellant further testified he did not know where the tools were and that was his evaluation of the worth of the tools because he sold tools for a living, (R.R. Vol 2 p 131 lines 2-7). Appellant also wanted Appellee to keep the jeep which he estimated the fair market value of

7

$33,000 as long as she paid the $33,000 on the note at State National Bank. (R.R. Vol 2 p 135 lines 9-20).

Regarding his income Appellant testified he was struggling making payments because he hadn't made the money he was used to. (R.R. Vol 2 p 138 lines 21-25). Appellant further testified he never assaulted Appellee during the marriage and denied having any relationship with another woman during the marriage. He was 51 years old at the time of the final hearing approximately 11 years older than appellee. (R.R. Vol 2 p. 141 lines 5-16).

Appellant also confirmed having supported, Appellees two daughters until the day he walked out. (R.R. Vol 2 p. 142 lines 9-15). He further opined that Appellee took all the missing shop tools and the household property, worth $90,000 because he did not receive any of said property. (R.R. Vol 2 p. 142 lines 23-25, p 143 lines 1-3).

Appellee's Counsel then testified as to reasonable and necessary attorney fees of $4,000. (R.R. Vol 2 p. 152 lines 18-20).

## SUMMARY OF THE ARGUMENT

1)  The evidence in the record demonstrates that the courts division of property was so unjust and unfair as to constitute an abuse of discretion.

2)  There is no evidence or insufficient evidence to support the trial court's findings of facts no. 15 concerning awarding a disproportionate share of the property and debts between the parties based on fault in the breakup of the marriage by Appellant.

## ARGUMENT

1) The evidence in the record demonstrates that the court's division of property was so unjust and unfair as to constitute abuse of discretion.

In dividing the estate of the parties, the trial court shall order a division of the property "that the court deems just and right having due regard for the rights of each party..." Tex. Fam. Code Ann. 7.0001 (West 2006). A trial court may order an unequal division of martial property where a basis exists for doing so. Massey v. Massey 807 S.W. 2d 391, 398 (Tex. App. - Houston [1st Dist.] 1991, writ requested). The trial court is vested with broad discretion in dividing the community estate and a court of appeals will presume it properly exercised. Murff v. Murff, 615 S.W. 2d 696, 698 (Tex. 1981). In accordance with Wilson v. Wilson 44 S.W. 3d 597, 600 (Tex.App- Ft. Worth 2001,no pet.) a party complaining of the trial court's division of community property muse be able to demonstrate from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. Wallace. v. Wallace 623 S.W. 2d 723, 725 (Tex, Civ. App- Houston [1st dist.] 1981, writ dism'd). It is the responsibility of the parties to the proceedings to produce evidence to give the court a basis on which to make the division. In Wilson Appellant did not complain about the trial court's division of any particular property, he argued that the trial court ignored the facts when it distributed the property.

The court may consider many factors in making an unequal division of property. Those factors can include. 1) need for future support of a spouse, 2) education and employability, 3) health, 4) age and fault in the break up of the marriage. The circumstances of each marriage dictate which factors should be considered when dividing the community estate. Young v. Young 609 S.W. 2d 758(Texas 1980). In the divorce decree the trial court awarded Appellant the following:

   a. Seymour, Texas Lake Land $20,000 equity
   b. 2014 Ford F150 Pickup   $0 equity

10

c. Motorcycle equity $6,222.00
d. Vanderbilt trailer- equity $25,000.00
e. ATV- equity $3,542.00
f. Golf car- equity $5,000
g. Trailer- equity $1,000.00
   for a total equity of $40,764 not including the 48% share of his equity in the MATCO 401(k).

Appellee was awarded the following:

a. Personal property of $8,025.00
b. The trust account monies which had a value of $14,891.14
c. Lake property payments of $16,875.10
d. The 2013 jeep which had $31,000 equity less her share of loan of $20,000, equity of $11,000
e. The retirement account with her MetLife of $42,609 this totaled $93,400.24 in equity without adding the $180,000 that the court awarded Appellee from Appellant's 401(k) see divorce decree. (R.R. p. 30, 31,32 and 33). Also, see Petitioner's exhibit 10.(R.R. Vol.3 Petitioner's exhibit 10)

Appellant was entitled to testify about the fair market value of the personal property the parties had at the house. Mata v. Mata 710 S.W. 2d 756 (Tex. App-Corpus Christi 1986). Appellant was also competent to testify about the value of tools that were at the parties residence when he left and the Court completely disregarded this testimony. The Court should have considered the valuation of this property before awarding Appellee 52% of Appellant's 401(k) account.

2. There is no evidence or insufficient evidence to support the trial court's findings of fact no. 15 concerning awarding a disproportionate share of the property based on fault in the break up of the marriage by Appellant.

In reviewing "No evidence" points the reviewing courts considers only the evidence and inferences that tend to support the finding, and disregards all evidence and inferences to the contrary. Davis v. City of San Antonio, 752 S. W. 2d 518 (Tex 1988).                    11

In reviewing a factual sufficiency of the evidence challenge, the court of appeals must consider weigh, and examine all of the evidence that supports and is contrary to the finding. Lofton v. Texas Brine Corp. 720 S.W. 2d 804,805 (1986), rev'd, 777 S.W. 2d 834 (Tex. 1989). Findings of fact in a case tried to the court have the same force and dignity a jury's verdict upon jury questions, however they are not conclusive, when a complete statement of facts appears in the record Middleton v. Kawasaki Steel Corporation, 687 S.W. 2d 42, (Tex. App.- Houston [14th Dist.] 1985, writ ref'd nre. Per curium, 699 S.W. 2d 199 (Tex 1985).

In the present case other than the fact that Appellee wanted a divorce there was no evidence or insufficient evidence to justify a finding by the trial court that the evidence supported a finding for the court to award a disproportionate share of the property based on fault in the breakup of the marriage by Appellant.

## PRAYER

Appellant prays that the honorable Court of Appeals reverse and remand this case back to the Trial Court and order a division of the property that is "just and right".

Respectfully submitted,
LAW OFFICE OF DAVID MARTINEZ
1663 Broadway
Lubbock, Texas 79401
Telephone (806) 744-1692
Fax (806) 744-5660
dmtzlaw@aol.com
By: /s/ David Martinez
David Martinez
SBN: 13141650

### CERTIFICATE OF SERVICE

This is to certify that on April 8th, 2015 a true and correct copy of Respondent's Brief was served to Bobbye Gail Hrincirik by email bhrncirik@marykay.com.

/s/ David Martinez
DAVID MARTINEZ

### Certificate of Compliance

This is to certify that the foregoing Appellant's Brief which was produced by Microsoft office does not contain over 4500 words.

/s/ David Martinez
David Martinez                                    12

## APPENDIX

1. Divorce Decree dated October 1, 2014

2. Trial Court's Findings of Fact and Conclusions of Law dated November 5, 2014.

13

## NO. 2013-509,724

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| | § | |
| BOBBYE GAIL HRNCIRIK | § | NUMBER TWO |
| AND | § | |
| BRENTLEY WAYNE HRNCIRIK | § | LUBBOCK COUNTY, TEXAS |

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
4/8/2015 9:24:00 PM
VIVIAN LONG
CLERK

## FINAL DECREE OF DIVORCE

On August 29, 2014 the Court heard this case.

*Appearances*

Petitioner, BOBBYE GAIL HRNCIRIK, appeared in person and through attorney of record, Barbara Dickerson, and announced ready for trial.

Respondent, BRENTLEY WAYNE HRNCIRIK, appeared in person and through attorney of record, David Martinez, and announced ready for trial.

*Record*

The record of testimony was duly reported by the court reporter for County Court at Law Number Two.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that BOBBYE GAIL HRNCIRIK, Petitioner, and

BRENTLEY WAYNE HRNCIRIK, Respondent, are divorced and that the marriage between them is dissolved on the grounds of insupportability and adultery.

*Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

<u>Property to Husband</u>

IT IS ORDERED AND DECREED that the husband, BRENTLEY WAYNE HRNCIRIK, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

> 451 671 107 T&NO (Home), Baylor County, Texas; 2816 FM 2180, Seymour, Texas

H-2. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

> 451 671 107 T&NO (70.078 acres), Baylor County, Texas; 2816 FM 2180, Seymour, Texas

H-3. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control except Petitioner's Grandfather's gun, Petitioner's Grandmother's quilt and Petitioner's Father's smoker grill.

H-4. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-5. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or

from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-6.  A portion of BRENTLEY WAYNE HRNCIRIK's retirement benefits in Matco 401(k) arising out of BRENTLEY WAYNE HRNCIRIK's employment with Matco Tools as of the date that the Final Decree of Divorce is signed by the Court, that portion being 48%, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

H-7.  All policies of life insurance (including cash values) insuring the husband's life.

H-8.  The 2014 Ford F150 motor vehicle, vehicle identification number _____ _____, together with all prepaid insurance, keys, and title documents.

H-9.  The 2006 Harley Davidson Motorcycle, vehicle identification number 1HD1BWB196Y076641, together with all prepaid insurance, keys, and title documents.

H-10.  The Vanderbilt Trailer, together with all prepaid insurance, keys, and title documents.

H-11.  The Polaris Ranger 500 Crew ATV, vehicle identification number 4XAWH50AXCE632771, together with all prepaid insurance, keys, and title documents.

H-12.  The Golf Cart, together with all prepaid insurance, keys, and title documents.

H-13.  The Boat motor vehicle, together with all prepaid insurance, keys, and title documents.

H-14.  The Trailer, together with all prepaid insurance, keys, and title documents.

H-15.  The John Deere 3032E Compact Utility Tractor and related parts

H-16.  The Graceland Portable Garage

H-17.  The trailer from Gary

Property to Wife

IT IS ORDERED AND DECREED that the wife, BOBBYE GAIL HRNCIRIK, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.  All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

W-2. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-3. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment, including but not limited to Metlife TSA – 073728187 AB.

W-5. A portion of BRENTLEY WAYNE HRNCIRIK's retirement benefits in Matco 401(k) arising out of BRENTLEY WAYNE HRNCIRIK's employment with Matco Tools as of the date that the Final Decree of Divorce is signed by the Court, that portion being 52%, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

W-6. All policies of life insurance (including cash values) insuring the wife's life.

W-7. The 2013 Jeep motor vehicle, vehicle identification number 1C4BJWEG1DL508612, together with all prepaid insurance, keys, and title documents.

IT IS ORDERED that RESPONDENT is to deliver the 2013 Jeep key on or before October 1, 2014 at 5:00 p.m. to the Law Offices of Barbara Dickerson, 8212 Ithaca, Suite I, Lubbock, Texas 79423.

W-8. All future payments from Rodney W. Riordan and Yvonne G. Riordan on the Promissory Note dated September 15, 2012 from the sale of property.

W-9. All monies held in the Trust Account of Barbara Dickerson for the benefit of Bobbye Hrncirik and/or Brentley Wayne Hrncirik.

W-10. The Petitioner's Grandfather's gun, Petitioner's Grandmother's quilt and Petitioner's Father's smoker grill currently in Respondent's possession. IT IS ORDERED that

RESPONDENT is to deliver said items on or before October 15, 2014 at 6:00 p.m. to the Law Office of David Martinez so that PETITIONER can then get her items.

W-11. The Camper, together with all prepaid insurance, keys, and title documents.

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, BRENTLEY WAYNE HRNCIRIK, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by BOBBYE GAIL HRNCIRIK and BRENTLEY WAYNE HRNCIRIK, in the original principal sum of and secured by deed of trust on the mobile home (trailer) awarded in this decree to the husband above under H-1, which is recorded in the Deed Records of Baylor County, Texas. State National Bank Loan #5503817-52908. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-2. The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by BOBBYE GAIL HRNCIRIK and BRENTLEY WAYNE HRNCIRIK, in the original principal sum of and secured by deed of trust on the real property awarded in this decree to the husband above under H-2, which is recorded in the Deed Records of Baylor County, Texas. State National Bank Loan #5503817-52908. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-3. The balance due, including principal, interest, and all other charges, 2014 Ford F150 motor vehicle awarded to husband. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-4. The balance due, including principal, interest, and all other charges, on the 2006 Harley Davidson Motorcycle, financed with _____, Loan #_____, awarded to husband. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-5. The balance due, including principal, interest, and all other charges, on the Vanderbilt Trailer, financed with Vanderbilt Mortgage and Finance, Loan #1075749, awarded to husband. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-6. The balance due, including principal, interest, and all other charges, on the Polaris

Ranger 500 Crew ATV, financed with City Bank, Loan #3813718, awarded to husband. Wife is indemnified and is released from any and all liability or responsibility for this debt.

H-8.  The following debts, charges, liabilities, and obligations:

a.  State National Bank, Account #5502985-52725 for Respondent's child support loan

b.  State National Bank, Account #5501512-52780 for miscellaneous. Wife shall pay $20,000 of this note for the 2013 Jeep

c.  State National Bank, Account #5501512-52972 for the John Deere Loader, and Standard Duty Box Blade

d.  John Deere, Account for the John Deed 3032E Compact Utility Tractor

e.  Graceland Portable Buildings, RTO Agreement dated October 3, 2013 for the 12x24 Garage

Wife is indemnified and is released from any and all liability or responsibility for these debts.

H-9.  All debts, charges, liabilities, and other obligations incurred solely by the husband from and after September 21, 2013 unless express provision is made in this decree to the contrary.

H-10.  Any debt in Husband's name that is not specifically awarded in this decree and wife is indemnified and is released from any and all liability or responsibility for such debt.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, BOBBYE GAIL HRNCIRIK, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.  The following debts, charges, liabilities, and obligations:

a.  Chase Visa, Account number 1754

b.  Citi Platinum, Account number 1476

c.  Citi Platinum, Account number 3562

d.  20,000.00 of State National Bank Account #5501512-52780 for the 2013 Jeep motor vehicle awarded to wife above as W-7.

W-2.  The balance due, including principal, interest, and all other charges, on the

Camper, financed with Bank of America, Loan #59202018695493 awarded to wife above as W-11.

W-3. All debts, charges, liabilities, and other obligations incurred solely by the wife from and after September 21, 2013 unless express provision is made in this decree to the contrary.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2014, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2014, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2014 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2015. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who

incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on March 6, 2014.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This divorce judicially PRONOUNCED AND RENDERED in court at Lubbock, Lubbock County, Texas, on August 29, 2014 and further noted on the court's docket sheet on the same date, but signed on ___Oct. 1st, 2014___.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

By:_____

Barbara Dickerson
Attorney for Petitioner
State Bar No. 05821700
E-Mail: j.davidson@nts-online.net

By:_____

David Martinez
Attorney for Respondent
State Bar No. 13141650
E-Mail: dmtzlaw@aol.com

NO. 2013-509,724

# SCANNED

| IN THE MATTER OF | § | IN COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| | § | |
| BOBBYE GAIL HRNCIRIK | § | NUMBER TWO |
| AND | § | |
| BRENTLEY WAYNE HRNCIRIK | § | LUBBOCK COUNTY, TEXAS |

## Findings of Fact and Conclusions of Law

The Court hereby makes and files the following as original Findings of Fact and Conclusions of Law in accordance with rules 297 of the Texas Rules of Civil Procedure and in support of the Final Decree of Divorce signed on October 1, 2014.

## Findings of Fact

1. The trial on the merits in this case occurred on August 29, 2014 before the Honorable Drue Farmer.

2. The divorce was granted on the grounds of insupportability and adultery.

3. The Final Decree of Divorce between Bobbye Gail Hrncirik and Brentley Wayne Hrncirik was signed October 1, 2014.

4. Brentley Wayne Hrncirik filed his Respondent's Request for Findings of Facts and Conclusions of Law on October 21, 2014.

5. The Final Decree of Divorce awarded Bobbye Gail Hrncirik property in her possession, the 2013 Jeep and Camper not in her possession but in another's possession by virtue of Brently Wayne Hrncirik having transferred it.

6. The Final Decree of Divorce further awarded Bobbye Gail Hrncirik her retirement, 52% of Brentley Wayne Hrncirik's retirement, her life insurance policies, future payments on the Promissory Note dated September 15, 2012, all monies held in the Trust Account of Barbara Dickerson, her grandfather's gun, grandmother's quilt, and father's smoker grill.

7. The Final Decree of Divorce awarded Brentley Wayne Hrncirik property in his possession, including the 2014 Ford F150, 2006 Harley-Davidson motorcycle, Vanderbilt trailer, Polaris Ranger 500 Crew ATV, the golf cart, the boat, the trailer, the John Deere 3032E Compact Utility Tractor, Graceland Portable Garage, and trailer from Gary.

8. The Final Decree of Divorce further awarded Brentley Wayne Hrncirik the pieces of property in Baylor County, Texas, 48% of his retirement, and his life insurance policies.

50

9. The Final Decree of Divorce awarded Bobbye Gail Hrncirik the Chase Visa 1754 debt, the Citi Platinum 1476 debt, the Citi Platinum 3562 debt, $20,000 of the State National Bank 2780 debt for the 2013 Jeep, the Camper debt and all debt in her name from and after September 21, 2013.

10. The Final Decree of Divorce awarded Brentley Wayne Hrncirik the State National Bank 2725 debt, the State National Bank 2780 debt less $20,000 awarded to Bobbye Gail Hrncirik, the State National Bank 2972 debt, the John Deere debt, the Graceland Portable Buildings debt, and all debt in his name from and after September 21, 2013.

11. Contrary to the Court's Scheduling Order, Brentley Wayne Hrncirik did not present an Inventory and Appraisement either prior to or during the final hearing in this case.

12. Further contrary to the Court's Scheduling Order, Brentley Wayne Hrncirik did not present a proposed Disposition of Property and Debt.

13. Bobbye Gail Hrncirik presented in Court, Petitioner's Inventory and Appraisement of Petitioner Bobbye Gail Hrncirik.

14. Bobbye Gail Hrncirik further presented in Court her proposed disposition of property and debt.

15. Taking into consideration the evidence presented, the Court awarded a disproportionate share of the property and debts between the parties based on fault in the breakup in the marriage by Brentley Wayne Hrncirik.

16. The Court also heard Bobbye Gail Hrncirik Motion for Enforcement at the same time which alleged multiple violations of the temporary orders.

17. Taking into consideration the evidence presented, the Court found that Brentley Wayne Hrncirik violated the following provisions of the Temporary Orders:

> Violation 1. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of March 2014 in the amount of $580.00.
>
> Violation 2. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of April 2014 in the amount of $580.00.
>
> Violation 3. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of May 2014 in the amount of $580.00.
>
> Violation 4. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of June 2014 in the amount of

$580.00.

Violation 5. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of July 2014 in the amount of $580.00.

Violation 6. Brentley Wayne Hrncirik failed to pay the Bank of America camper payment for the month of August 2014 in the amount of $580.00.

Violation 7. Brentley Wayne Hrncirik failed to deposit the lake property rent checks into a trust account for the months of March 2014 in the amount of $769.00.

Violation 8. Brentley Wayne Hrncirik failed to deposit the lake property rent checks into a trust account for the months of April 2014 in the amount of $769.00.

Violation 9. Brentley Wayne Hrncirik failed to deposit the lake property rent checks into a trust account for the months of May 2014 in the amount of $769.00.

Violation 10. Brentley Wayne Hrncirik failed to deliver the Jeep keys.

Violation 11. Brentley Wayne Hrncirik failed to reimburse Bobbye Gail Hrncirik one-half the cost of repairs, maintenance, and preparation for selling the residence in the amount of $1,789.84.

18. The findings of fact are based on the evidence presented, including but not limited to the conflicting testimony and credibility of the witnesses and the willful violation of the Court's Temporary Orders.

## Conclusions of Law

1. The pleadings filed by Bobbye Gail Hrncirik are in due form and contain all the allegations required by law.

2. No counter petition was filed by Brentley Wayne Hrncirik.

3. The Court takes judicial notice of all pleadings, order and documents in the Court's file.

4. This Court has jurisdiction over the parties in this action.

5. All necessary parties were present at the hearing.

6. This Court has continuing, exclusive jurisdiction over this cause of action.

7. This Court has continuing, exclusive jurisdiction over the subject matter of this suit.

8. There was insufficient or limited evidence present by Brentley Wayne Hrncirik as to property characterization and value.

9. Evidence as to property characterization and value was primarily provided by Bobbye Gail Hrncirik.

10. The division of the property of Petitioner and Respondent effected by the final judgment was disproportionate.

11. Any conclusion of law that is determined to be a finding of fact shall be deemed a finding of fact.

15. Any finding of fact that is determined to be a conclusion of law shall be deemed a conclusion of law.

SIGNED on _____ Nov. 5th, 2014 _____

_____
JUDGE PRESIDING