COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DIANA XUAN TRAN, | § | No. 08-22-00100-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number 5 |
| VINH VAN HOANG, | § | of El Paso County, Texas |
| Appellee. | § | Cause No. 2020DCM1161 |

## DISSENTING OPINION

I respectfully dissent. While I agree with the Court's analysis of the denial of a continuance, I disagree with its holding on the sufficiency of the evidence in support of the property division. The majority holds that because Tran did not provide any valuation evidence, she essentially waived her right to challenge the trial court's valuation of the marital property. My view differs. This case turns on whether the trial court had sufficient evidence of probative value to properly exercise its discretion such as to render a fair and just division of the parties' marital estate. On this record, I conclude it did not. Based on lack of sufficient evidence, I would conclude the trial court abused its discretion.

In determining whether the trial court abused its discretion in dividing community property, the inquiry involves two-prongs: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *See Martinez Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.)*; In re M.V.*, 583 S.W.3d 354, 361 (Tex. App.—El Paso 2019, no pet.). This two-step analysis requires us to, first, look at whether the trial court had adequate evidence to exercise its discretion in dividing the property. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.). Only if there is adequate evidence for the trial court to exercise its discretion in dividing the property do we then proceed to determine whether, based on the elicited evidence, the trial court divided the property in an arbitrary or unreasonable manner. *Sandone*, 116 S.W.3d at 206. Sufficiency challenges are factors relevant to whether the trial court abused its discretion, not independent grounds of error. *In re M.V.*, 583 S.W.3d at 361. We view the evidence in the light favorable to the trial court's decision, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). If there is evidence of substantive and probative character for which the trial court to exercise its discretion, we then move to consider whether it divided the property in an arbitrary or unreasonable manner. *Sandone*, 116 S.W.3d at 206.

Because a trial court must divide the marital estate "in a manner that the court deems just and right," *see* TEX. FAM. CODE ANN. § 7.001, it follows from that provision that "the values of the properties in the community estate are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner." *In re Marriage of Collier*, 419 S.W.3d 390, 402 (Tex. App.—Amarillo 2011, pet. denied). But where there is no evidence of value, there is no evidence to support the judgment. *Sandone*, 116 S.W.3d at 207–08. If we are unable to

2

determine the value of the entire marital estate, we are unable to determine whether the trial court's division was just and right. *Id.* The Supreme Court of Texas has interpreted this "just and right" provision as requiring a court "to do complete equity as between the husband and wife and the children, [if any,] having due regard to all obligations of the spouses and to the probable future necessities of all concerned." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). That is, there is no requirement that the trial court divide the community estate equally, but its division must be done in a manner that is just and right. *Sandone*, 116 S.W.3d at 207.

Here, the record is wholly silent as to the value of the nail salon, the Lexus vehicle, the life insurance policies, and all bank accounts. Moreover, debts associated with certain of these properties were mentioned in form only, but no balances due or amounts owed, if any, were actually disclosed. Lastly, even the post-trial submission in the form of a written request for a proposed division of property and debt included no values whatsoever for the entirety of the community estate. The majority concludes that because Tran neither provided evidence of the properties' values, she cannot bring forth a complaint on appeal regarding the sufficiency of the evidence. I acknowledge that it has been held that each spouse bears the responsibility to provide the trial court with sufficient evidence of the value of the community estate to enable the trial court to make a just and right division. See *Garcia v. Ruiz*, No. 01-17-00969-CV, 2019 WL 2426167, at *4 (Tex. App.—Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.) (collecting cases). However, a waiver ruling is only appropriate when there is some evidence of the value of the contested item or when the only unvalued item would obviously have little effect on the overall division. *See Mata v. Mata*, 710 S.W.2d 756, 758-59 (Tex. App.—Corpus Christi 1986, no writ); *see also Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *3 (Tex. App.— Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.) ("Lack of evidentiary support will not

require reversal, though, if the challenged property is of such a relatively small value that its grant to one party cannot be said to have materially impacted the property division or resulted in a manifestly unjust and unfair division.").

Still, the majority believes that Hoang's "qualitative evidence" of comparing a nail salon to a Lexus vehicle qualified as "some evidence" sufficient to support the trial court's division. I disagree. "An owner may testify about the market value of [his or her] property." *In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 390 (Tex. App.—Dallas 2013, no pet.). Even still, however, an owner of property "must provide the factual basis on which his opinion rests." *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159 (Tex. 2012). A naked assertion of "market value" is not enough without proper support. But rather, "[e]vidence of price paid, nearby sales, tax valuations, appraisals, online resources, and any other relevant factors may be offered to support the claim." *Id.* Even if unchallenged, an owner's testimony on value must be supported by more than conclusory and speculative statements. *Id.*; *see also Jauregui v. Jauregui*, No. 04-21-00328-CV, 2022 WL 14656797, at *5 (Tex. App.—San Antonio Oct. 26, 2022, no pet.) (mem. op.) ("[F]ailure to sufficiently support the properties' valuations substantially affects the 'just and right' division of the community estate."). Here, the record is simply bare and empty of any testimony or supporting evidence of value as to multiple properties and debts. Without sufficient evidence of value, the trial court lacked a supporting basis to make a just and right determination while exercising its discretion in dividing the martial estate. *See Sandone*, 116 S.W.3d at 207–08.

Moreover, failure of the parties to put on evidence as to value does not absolve the trial court of fulfilling its duty to make a just and right division of the community estate. *See Odom v. Odom*, No. 12-06-00218-CV, 2007 WL 677800, at *2 (Tex. App.—Tyler Mar. 7, 2007, no pet.) (citing *Sandone,* 116 S.W.3d at 207–08). When dealing with significant assets, such as an ongoing

and operating business, there must be sufficient evidence in the record to support the value assigned and, if there is not, the trial court abuses its discretion by not fulfilling its duty to perform a just and right division under § 7.001 of the Family Code. *Mathis*, 2018 WL 6613864, at *3. A just and right division of community property must be informed by sufficient evidence and a trial court "abuses its discretion when it purports to make an equitable division of the community estate without 'sufficient information upon which to exercise its discretion.'" *Bradshaw*, 555 S.W.3d at 550 (Devine, J., concurring) (quoting *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.)).

Lastly, the majority holds that even if there was a "valuation error," that Tran failed to show how the valuation error constituted an abuse of discretion in the division of the community estate. I disagree with this framing of the issue. This case does not present a question of Tran contesting the values given to specific properties. In briefing, she does not argue that the distribution made was unequal or disproportionate. To that extent, we are not called to determine whether Tran should have received more, or whether the division should have been different. Rather, the question raised by her briefing is whether there was sufficient evidence in the record for the trial court to even exercise its discretion as required by law. Here, because there was a complete lack of valuation for the entirety of the community estate, there simply is no basis to determine whether a valuation error in fact occurred.

In my view, the record shows a complete absence of evidence as to the value of multiple items of property and as to balances owed on debt such as to fairly identify the size of the community estate. "Without the ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse were just and right." *Sandone*, 116 S.W.3d at 207–08. Because of the absence of such probative evidence, the trial court could not know the

value of the entire marital estate and could not proceed to make a just and right division. *See Jauregui*, 2022 WL 14656797, at *5 (holding husband's naked assertions valuing the martial residences was insufficient to support the trial court's valuations and improper valuations affected the just and right division of the community estate). Contrary to the Court, I would conclude the trial court abused its discretion in its division of marital property and sustain Tran's first issue. Because the Court decides otherwise, I disagree.

GINA M. PALAFOX, Justice

July 10, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.